Beatrice SEGOVIA, Plaintiff-Appellant,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.

No. 84–5003

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

May 24, 1985.

Bill McKee, Legal Aid Assn., San Antonio, Tex., for plaintiff-appellant.

Helen M. Eversberg, U.S. Atty., Jack B. Moynihan, Asst. U.S. Atty., San Antonio, Tex., Yolanda Melendez Joosten, Office of Gen. Counsel, Dept. of Health & Human Serv., Dallas, Tex., for defendant-appellee.

Before REAVLEY, POLITZ and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Beatrice Segovia filed an application on behalf of her children, seeking benefits payable to surviving children under the Social Security Act, 42 U.S.C. § 402(d). Segovia was never married to Alex Rivas, the father of the children and deceased-insured, and her claim was denied.

At a hearing before an administrative law judge Segovia had the burden of proving paternity and the dependency of the children in order to qualify them for social security benefits. The ALJ found that while Rivas was the natural father of the children they were not dependent upon him because he was not contributing to their support nor were they residing with him at the time of his death.[1] Segovia sought judicial review. The trial court granted the government's motion for summary judgment. We affirm.

Appellate review in a case of this kind is limited to the determination whether the findings of the ALJ are supported by substantial evidence, considering the record as a whole. If we find that measure of evidence, the Secretary's decision must be affirmed. *Allen v. Schweiker*, 642 F.2d 799 (5th Cir.1981).

At the hearing Segovia testified that she lived with Alex Rivas, the deceased wage-earner, for about ten of the last twelve months of his life. Her testimony was supported by several witnesses.

On the other hand, the evidence is undisputed that Rivas was married to Vidala C. Rivas and two children were born to their marriage. City health records reflect that Rivas' residence at the time of his death was with his legal wife at 230 Anton in San Antonio. Segovia declared in the application she filed on behalf of the children that the children were living with her and were not living with Rivas at the time of his death. She also stated that Rivas had not contributed regularly to the children's support. We find substantial evidence in support of the decision by the ALJ, and the order granting summary judgment must be AFFIRMED.[2]

---

1. Illegitimate children may receive survivor-child's benefits if they were dependent upon the deceased parent. For purposes of the Social Security Act, an illegitimate child is deemed dependent if the father, at the time of his death, was living with or contributing to the support of the child. 42 U.S.C. § 402(d)(3).

2. The ALJ received an affidavit executed by Rivas' wife and daughter attesting that Rivas lived with them until his death. Segovia contends this affidavit was inadmissible as hearsay. Finding substantial evidence in support of the ALJ's ruling dehors the affidavit; we do not reach that issue.