**Lance A. RYAN, Plaintiff-Appellant,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant-Appellee.**

No. 85–3802.

United States Court of Appeals, Fifth Circuit.

June 25, 1986.

---

Jerome Friedman, Elise Angehr, Metairie, La., for plaintiff-appellant.

John Volz, U.S. Atty., Nancy A. Nungesser, Asst. U.S. Atty., New Orleans, La., Gayla Fuller, Regional Atty., Office of the Gen. Counsel, Patrick A. Hudson, Dept. of Health & Human Services, Marguerite Lokey, Dallas, Tex., for defendant-appellee.

Before RUBIN, JOHNSON, and JONES, Circuit Judges.

PER CURIAM:

Appellant Lance Ryan challenges the findings of the administrative law judge, subsequently adopted by the district court magistrate and judge, that he has failed to carry the burden of establishing that his natural father, who was not married to his mother, was "either living with [Ryan] or contributing to [his] support" at the time benefits were applied for. 20 C.F.R. § 404.355(d) (1985); 42 U.S.C. § 402(d). Ryan was denied surviving child's insurance benefits under the Social Security Act.

This Court, limited in its review to determining whether substantial evidence exists on the record, considering it as a whole, to support the findings below, AFFIRMS. *Segovia v. Heckler,* 768 F.2d 596, 597 (5th Cir.1985).

This Court has carefully reviewed the administrative record, and it notes that there is ground for difference of opinion on the issue whether Lance Ryan was living with or was supported by his father at the time of his father's death in 1966. His mother, now deceased, applied for surviving child's benefits in 1968, at which time she denied both that Lance's father was living with him at the time of his death and that he was contributing to the support of Lance. In a later application for surviving child's benefits, filed by Lance's aunt with whom he lived, there is a suggestion that Lance's mother lived with Raymond Van Matre during 1966. Lance's father, in the meantime, was married to another woman, by whom he sired a child in 1963, a year after Lance's birth.

On Lance's side, both he (who was four years old at the time) and his half-bother state their recollection of having lived with Lance's father. A letter written by Lance's mother in March, 1969, indicates that she lived with Lance's father in New Orleans and in Atlanta, but the dates of cohabitation are not specified.

In short, there is conflicting evidence on the issue (not all of which is recited above), and the administrative law judge's determination must be respected because it is supported by substantial credible evidence.

We AFFIRM the judgment of the district court.