**Ramon CHAPARRO,**
**Plaintiff-Appellant,**

**v.**

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant-Appellee.**

**No. 86–1738.**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

March 27, 1987.

efits. The question before us is whether substantial evidence supports the determination of the Secretary of Health and Human Services that Chaparro, who suffers from back problems, is not disabled from returning to his past relevant work. We conclude that the Secretary's decision was based on substantial evidence and therefore affirm.

I

The applicant, Ramon Chaparro, filed for disability insurance benefits and supplemental security benefits on March 19, 1984. Chaparro alleged that back problems have disabled him since November 1980. Chaparro's application was initially denied, and he sought a nearing de novo before an administrative law judge.

The ALJ heard testimony from Chaparro, Chaparro's wife, Chaparro's son, and Chaparro's cousin, and also considered the conflicting reports of four medical doctors who had examined Chaparro. The ALJ denied the application because Chaparro retained sufficient capacity to return to his past relevant work as a truck driver. The Appeals Council denied Chaparro's request for review, making the ALJ's decision the final decision of the Secretary.

Having exhausted his administrative remedies, Chaparro filed for review in the United States District Court for the Western District of Texas. The district court initially dismissed Chaparro's complaint for failure to file within sixty days of the Secretary's final decision, as required by 42 U.S.C. § 405(g). Chaparro appealed the dismissal, but Chaparro and the Secretary agreed to waive the appeal and have the district court review the Secretary's decision on the merits.[1] On review, the district court granted the Secretary's motion for summary judgment, determining that substantial evidence supported the Secretary's decision. Chaparro appeals.

Alfonso L. Melendez, El Paso, Tex., for plaintiff-appellant.

Patrick A. Hudson, Atty., John M. Gough, Atty., Dallas, Tex., Helen M. Eversberg, U.S. Atty., El Paso, Tex., for defendant-appellee.

Before RUBIN, RANDALL, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

This appeal arises from the denial of an application for supplemental security income benefits and disability insurance ben-

---

1. Parties may not cure jurisdictional defects by agreement. However, the sixty-day time limit is waivable by the Secretary and thus is not strictly jurisdictional. *See Weinberger v. Salfi,* 422 U.S. 749, 763–64, 95 S.Ct. 2457, 2465–66, 45 L.Ed.2d 522 (1975); *Rowland v. Califano,* 588 F.2d 449, 450 (5th Cir.1979) (60–day period is a waivable limitation).

## II

■ Chaparro claims that the Secretary erred in denying his application for benefits. Judicial review of the Secretary's denial of benefits is limited to whether substantial evidence supported the decision. *Milam v. Bowen*, 782 F.2d 1284, 1286 (5th Cir.1986). Accordingly, this court may not reweigh the evidence or substitute its judgment for the Secretary's. It must, however, "scrutinize the record in its entirety to determine whether substantial evidence does indeed support the Secretary's findings." *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir.1983).

■ The Secretary evaluates disability claims under the Social Security Act through a five-step process set forth in 20 C.F.R. § 404.1520 (1986): (1) Is the claimant currently working? (2) Can the impairment be classified as non-severe? (3) Does the impairment meet the duration requirement of 42 U.S.C. § 423(d)(1)(A) and is it listed, or medically equivalent to, an impairment in Appendix 1? (4) Can the claimant perform his past relevant work? (5) Can the claimant perform any other gainful job? *See Fields v. Bowen*, 805 F.2d 1168, 1170 (5th Cir.1986). Initially, the burden is on the claimant to demonstrate that he cannot perform his previous work, that he is unable to engage in substantial employment, and that he meets the duration requirement. The burden then shifts to the Secretary to show that the claimant can perform alternative employment. The burden then shifts back to the claimant to show he cannot perform the alternative labor. *Taylor v. Bowen*, 782 F.2d 1294, 1298–98 (5th Cir.1986).

The Secretary determined that Chaparro was not disabled because he could perform his past work as a truck driver. In making that determination, the Secretary relied principally on Dr. Boggiano's examination of Chaparro. Chaparro's chief contention is that Dr. Boggiano's report is not substantial evidence because it was contrary to the "overwhelming evidence" that Chaparro was disabled.

■ Dr. Boggiano, an orthopedic surgeon, provided a thorough and detailed medical report on Chaparro's medical history and current condition. The report describes Chaparro's daily activities—such as washing dishes, walking around the block, repairing his house, and driving a car—much of which are inconsistent with complete disability. The physical examination indicates Chaparro has a good range of motion in the spine; that Chaparro did not complain of pain when the doctor pressed his lumbar processes while otherwise distracting Chaparro; that Chaparro's hands were calloused from manual labor; that the upper-body muscles were strong and well developed, and that the lower-body muscles showed no signs of atrophy. Dr. Boggiano concluded that Chaparro could lift up to 50 pounds, push pedals, move levers, and safely perform many other tasks. Taken alone, this report constitutes substantial evidence to support the Secretary's decision that Chaparro could return to his previous employment as a truck driver.

■ The other evidence presented does not alter the validity of the Secretary's decision. The subjective testimony of Chaparro and his relatives must be weighed against the objective evidence of medical diagnosis, *see Jones v. Heckler*, 702 F.2d 616, 621 n. 4 (5th Cir.1983), and thus does not disprove Dr. Boggiano's report. The reports of the treating physicians, Dr. Ghiselli and Valdivia, are not as comprehensive as Dr. Boggiano's report and in fact agree with the general description and diagnosis that Dr. Boggiano provided.

The main conflict in the evidence is between the report of Dr. Boggiano and the report of Dr. Hazarian. Dr. Hazarian examined Chaparro at the request of Chaparro's attorney after Chaparro's application for benefits was initially denied. The report, which is not as detailed or thorough as Dr. Boggiano's, states that Chaparro had difficulty moving, changing positions, and extending or bending his legs; that Chaparro's left calf muscles were atrophied; and that Chaparro's symptoms disabled him from returning to manual labor or any "light type of full-time work." The Secretary specifically addressed the con-

flicting reports and determined that Dr. Boggiano's was more credible because it more closely corresponded to what the ALJ observed at the hearing and to the records of the treating physicians.

■ We also do not believe the evidence overwhelmingly supports a finding that Chaparro is disabled. Rather, the evidence presents conflicting testimony and reports that must be evaluated by their credibility. The Secretary, not the courts, has the duty to weigh the evidence, resolve material conflicts in the evidence, and decide the case. *See Carry v. Heckler*, 750 F.2d 479, 482 (5th Cir.1985). We find nothing to criticize in how the Secretary weighed the evidence and determined the case.

### III

■ Chaparro argues that the Secretary presumptively applied the wrong standard to determine whether Chaparro's impairment was severe because it failed to cite to *Stone v. Heckler*, 752 F.2d 1099, 1106 (5th Cir.1985). Because Chaparro failed to raise this issue before the district court, it was waived. *James v. Bowen*, 793 F.2d 702, 704 (5th Cir.1986). In any event, this case did not turn on whether or not Chaparro's impairment was severe, but on whether Chaparro could return to his past relevant work—an inquiry unaffected by the test set forth in *Stone*. Thus, Chaparro's argument is irrelevant to the disposition of his case.

### IV

The judgment of the district court is AFFIRMED.