IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31338
Summary Calendar
_____


ELAINE BARTHOLOMEW,
as next friend Dagny Mahaffey,
as next friend Shirlaine Mitchell,
minors,

                                        Plaintiff-Appellant,

versus

LARRY G. MASSANARI,
ACTING COMMISSIONER OF
SOCIAL SECURITY,

                                        Defendant-Appellee.

---------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 00-CV-50-J
---------------------
August 6, 2001

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Elaine Bartholomew appeals from the district court's judgment affirming the denial of her claim for surviving child benefits. She argues that substantial evidence did not support the Commissioner's decision, the administrative law judge (ALJ) failed to develop the record, the ALJ did not properly weigh the

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence, and the ALJ improperly placed a high burden of proof on the claimants.

Judicial review of the Commissioner's decision to deny benefits is limited to determining whether that decision is supported by substantial evidence and whether the proper legal standards are applied. Harris v. Apfel, 209 F.3d 413, 417 (5th Cir. 2000); Stone v. Heckler, 715 F.2d 179, 180-81, 184 (5th Cir. 1983). "The [Commissioner], not the courts, has the duty to weigh the evidence, resolve material conflicts in the evidence, and decide the case." Chaparro v. Bowen, 815 F.2d 1008, 1011 (5th Cir. 1987).

Given the evidence that the Arizona resident had used the name and social security number of Curtis Clifford Mahaffey since at least 1985 and Judy Griffen's corroborating identification of her brother, which dates back to Mahaffey's childhood, there were credible evidentiary choices supporting the ALJ's decision. Harris, 209 F.3d at 417. Although the Commissioner could have investigated the matter further, there was credible substantial evidence upon which the Commissioner could conclude that the Arizona resident was the true owner of the disputed social security number, and Bartholomew has failed to demonstrate that the additional evidence might have altered the result. Carey v. Apfel, 230 F.3d 131, 142 (5th Cir. 2000). "In short, there is conflicting evidence on the issue . . ., and the [ALJ's] determination must be respected because it is supported by substantial credible evidence." See Ryan v. Bowen, 799 F.2d 147,

148 (5th Cir. 1986).  Accordingly, the judgment of the district court is AFFIRMED.