IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 01-30992
Summary Calendar

---

JOHN E. WEATHERALL,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 00-CV-2212

---

May 3, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

John Weatherall filed an application for Supplemental Security Income (SSI) payments and for Disability Insurance Benefits (DIB) in April 1998. His request for benefits was denied at all stages of administrative review. After his administrative remedies were exhausted, Weatherall sought review in the district court. While the matter was pending in the district court, the Commissioner moved to remand the case pursuant to the fourth sentence of 42

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.C. § 405(g), citing error in the prior proceedings. Over Weatherall's opposition, the district court issued an order reversing the prior decision of the Administrative Law Judge and remanding the matter for further consideration at the administrative level.

Weatherall argues that the district court erred in remanding the case for further consideration by the ALJ because he is entitled to benefits as a matter of law. In support of this argument, he relies on, *inter alia*, a post-decision letter dated June 14, 1999 from Dr. Jerry Whiteman stating Weatherall's IQ scores and a subsequent disability proceeding in which he was awarded benefits beginning in November 1999 due to mental retardation.

Given the limited scope of appellate review in Social Security cases, Weatherall's request that he be awarded benefits as a matter of law cannot properly be considered by this court. The Commissioner states that the validity of Weatherall's IQ scores is disputed and that it is not established that the scores have been properly substantiated. Additionally, evidence concerning the subsequent proceedings in which Weatherall was awarded DIB and SSI is not of record in this case. If this court were to entertain Weatherall's request, it would be required to re-weigh the evidence and evaluate its credibility, which exceeds the permissible scope

of appellate review in Social Security cases.[1] This type of in-depth review is properly done by the Commissioner on an administrative level and not by the courts.[2] Accordingly, the district court's order reversing and remanding the case for purposes of conducting further administrative proceedings is AFFIRMED.

Weatherall also argues that this court should reverse the ALJ's decision in this matter and remand the case with an order that the ALJ consider whether Weatherall's prior applications for SSI and DIB filed in March 1986 should be re-opened and revised. We are affirming the district court's order reversing and remanding this matter for further consideration by the ALJ, to whom, as the Commissioner notes, this argument may be presented in the first instance. Because there is no reason why Weatherall cannot present this issue at the administrative level, we decline to entertain this request.

---

[1] *See Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001); *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001).

[2] *Johnson v. Bowen*, 864 F.2d 340, 347 (5th Cir. 1988); *Chaparro v. Bowen*, 815 F.2d 1008, 1011 (5th Cir. 1987); *cf., e.g.,* Muse v. Sullivan, 925 F.2d 785, 790 (5th Cir. 1991) ("An ALJ may make factual determinations on the validity of I.Q. tests.").