IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-51149
Summary Calendar

_____


JAMES L. COOK,

                                    Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER
OF SOCIAL SECURITY,

                                    Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-00-CV-706-SS
--------------------
June 7, 2002

Before DAVIS, BENAVIDES and CLEMENT, Circuit Judges

PER CURIAM:[*]

     James L. Cook appeals the district court's judgment

affirming the Social Security Commissioner's decision to deny him

disability benefits.  He argues that the Administrative Law Judge

("ALJ") erred in determining that he retained the residual

functional capacity to do medium or light work that did not

involve pushing or pulling more than 50 pounds occasionally or 25

pounds frequently; walking, sitting, or standing six hours a day;

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

frequent kneeling; or use of the right eye. He also contends, for the first time on appeal, that the psychological evaluation he submitted to the Appeals Council, which showed him to have a low intelligence quotient, met a listed impairment and should have resulted in an automatic finding that he was disabled. Because this argument was not presented to the district court, this court will not consider it. See Shanks v. AlliedSignal, Inc., 169 F.3d 988, 993 n.6 (5th Cir. 1999); Burch v. Coca-Cola Co., 119 F.3d 305, 319 (5th Cir. 1997).

Cook has not demonstrated any error in the Commissioner's decision. Substantial evidence supports the determination that Cook retained the residual functional capacity to do light or medium level work with the specified limitations. Cook's argument that the ALJ failed to consider the combined effect of his impairments is incorrect. His contention that the ALJ disregarded the vocational expert's testimony that a person using a cane could not perform the medium and light jobs listed as otherwise appropriate for Cook is similarly unavailing. Cook conceded that no doctor had prescribed his use of a cane, and the medical record is devoid of any evidence supporting his cane use. The limitation of cane use asserted by Cook and not recognized by the ALJ is not binding on the ALJ. See Gay v. Sullivan, 986 F.2d 1336, 1341 (5th Cir. 1993).

To the extent that Cook argues that the ALJ failed to credit his subjective complaints of pain and other medical evidence he

asserts supports his claim of disability, he is correct, but this court will neither reweigh the evidence nor overturn the ALJ's credibility determinations.  See Chaparro v. Bowen, 815 F.2d 1008, 1011 (5th Cir. 1987).

The district court's judgment is AFFIRMED.