IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-21061
Summary Calendar
_____

RUSTY S. NICHOLS,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

- - - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CV-3344
- - - - - - - - - - -
June 27, 2002

Before JOLLY, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Rusty S. Nichols appeals the magistrate judge's judgment affirming the Social Security Commissioner's decision to deny him disability benefits. He argues that the Administrative Law Judge ("ALJ") erred in determining that he retained the residual functional capacity to do sedentary work that involves lifting and carrying five pounds frequently and ten pounds occasionally, sitting six to eight hours per day, standing and walking six to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

eight hours per day, sitting and standing at will, and occasionally bending, stooping, and crawling.

Nichols has not demonstrated any error in the Commissioner's decision. Substantial evidence supports the determination that Nichols retained the residual functional capacity to do sedentary work with the specified limitations. See Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994); Johnson v. Bowen, 864 F.2d 340, 343 (5th Cir. 1988). Nichols' argument that the Appeals Council failed to give controlling weight to the opinions of the physicians at University of Texas Medical Branch Hospitals is unavailing because those opinions did not contradict the other medical evidence; they simply added subjective complaints of pain. Nichols' argument that the ALJ misrepresented the evidence of record is equally unavailing in that there was evidence in the record to support the ALJ's conclusion that he did not have a listed impairment. See Leggett v. Chater, 67 F.3d 558, 563 & n.2 (5th Cir. 1995).

To the extent that Nichols argues that the ALJ did not credit his subjective complaints of pain and other medical evidence he asserts supports his claim of disability, he is correct, but this court will neither reweigh the evidence nor overturn the ALJ's credibility determinations. See Chaparro v. Bowen, 815 F.2d 1008, 1011 (5th Cir. 1987).

The magistrate judge's judgment is AFFIRMED.