United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 20, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 03-21165
Summary Calendar

_____

VICTOR D. JASSO,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY,

Defendant-

Appellee.

--------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-1737
--------------------------------------------------------------

Before SMITH, DeMOSS and STEWART, Circuit Judges.

PER CURIAM:*

Victor D. Jasso appeals the district court's decision affirming the denial of his application for

Social Security disability benefits and supplemental security income benefits. He contends that the

Administrative Law Judge's ("ALJ") finding that he could sit for a total of six hours a day is not

supported by substantial evidence, that the ALJ failed to evaluate his complaints of back pain

properly, and that the ALJ's reliance on the vocational expert testimony regarding the jobs he could

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

perform despite his impairments was error because the testimony is in conflict with the Dictionary of Occupational Titles' (DOT) descriptions of the specified jobs.

The Commissioner counters that Jasso's failure to object to the magistrate judge's report precludes consideration of his claims on appeal; alternatively, the Commissioner contends, review is for plain error. Although the failure to object to a magistrate judge's findings and conclusions generally subjects appellate arguments to plain-error review, because the district court undertook an independent examination of the record despite the lack of objections in the instant case, the plain-error standard does not apply. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

The credible medical evidence supports the ALJ's finding that Jasso could sit for an hour at a time for up to six hours a day, including the residual functional capacity report compiled by Dr. Gregg, which was specifically credited by the ALJ. This court will not revisit that credibility determination. See Chaparro v. Bowen, 815 F.2d 1008, 1011 (5th Cir. 1987). Jasso's reliance on the treating notes of Dr. Griffin and Dr. Cotlar is misplaced as those notes postdated Dr. Gregg's report; moreover, they do not support Jasso's contention that he could not work or work in a seated position with frequent breaks. Thus, contrary to Jasso's assertion, the ALJ's finding is supported by substantial evidence. See Johnson v. Bowen, 864 F.2d 340, 343 (5th Cir. 1988).

Jasso's argument that the ALJ failed to evaluate his complaints of pain properly is unavailing. Because Jasso's subjective complaints of pain are not supported by the medical evidence in the record, the ALJ was correct in rejecting them. See Chambliss v. Massanari, 269 F.3d 520, 522 (5th Cir. 2001). Jasso now contends, for the first time, that the ALJ and the district court erroneously relied on his obesity to discredit his complaints of pain. Because this claim was not presented to the

district court, this court will not address it.  See Shanks v. AlliedSignal, Inc., 169 F.3d 988, 993 n.6 (5th Cir. 1999).

Jasso's final contention, that the ALJ's decision is unsupported by substantial evidence because the vocational expert's testimony that he could perform three "benchwork" positions even though he can sit for a total of only six hours in a workday conflicts with the DOT, which indicates that each position involves close visual inspection that can be performed efficiently only while seated, is also unavailing.  We initially note that Jasso's failure to raise the issue of the alleged conflict at the administrative hearing deprived the ALJ from addressing and exploring it.  See Carey v. Apfel, 230 F.3d 131, 146-47 (5th Cir. 2000); cf. Donahue v. Barnhart, 279 F.3d 441, 446-47 (7th Cir. 2002).

Additionally, there is no direct conflict between the vocational expert's testimony and the DOT.  See Carey, 230 F.3d at 145-46.  When there is an implied or indirect conflict between the vocational expert's testimony and the DOT, "the ALJ may rely upon the vocational expert's testimony provided that the record reflects an adequate basis for doing so."  Id. at 146.  Because there is no evidence in the record that undermines the vocational expert's testimony that Jasso could perform the requirements of each of the identified jobs despite his impairments, Jasso has not shown that the ALJ lacked substantial evidence to support the conclusion that he retained the residual functional capacity to return to work in the specified sedentary jobs.  See Carey, 230 F.3d at 146-47; Johnson, 864 F.2d at 343.

AFFIRMED.