IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-51027
Summary Calendar

ROBERT ESCALANTE

Plaintiff-Appellant

V.

MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CV-244

Before JONES, Chief Judge, and CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Appellant Robert Escalante challenges the decision of the district court, which adopted the magistrate judge's report and recommendation and affirmed the denial of disability benefits for Escalante's back problems and non-exertional impairments. We affirm for essentially the reasons stated in the magistrate judge's report and add the following observations.

1. Although the ALJ did not specifically analyze the impact of appellant's "severe depression" and academic limitations, it is clear from the

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

hearing record and the ALJ decision that these conditions factored in the overall RFC determination. The magistrate judge's report explains how this occurred at page 12 of his decision. R.O.A. 57. It is also noteworthy that the depression was listed by the ALJ as one among all of the appellant's health problems; the Appellant acknowledged in the hearing that he is taking no medication other than to help him sleep; and Dr. Benbow, who evaluated him in January 2004, found no clinically depressive symptomatology. We conclude from the record that substantial evidence supports the ALJ's evaluation of the work-related consequences of appellant's depressed mood.

2. The ALJ properly explained his weighing of the opinions of the examining orthopedist Dr. Beal and the treating physician Dr. Vo. He was not required to attribute greater credibility to Dr. Vo. Griego v. Sullivan, 940 F.2d 942, 945 (5th Cir. 1991) (recent medical evidence more probative); Moore v. Sullivan, 919 F.2d 901, 905 (5th Cir. 1990) (ALJ must decide between conflicting medical reports).

3. The ALJ's determination of residual functional capacity is adequately supported in law and fact because it specifically takes into account appellant's mental inability to perform more than "simple unskilled work" and uses a physical subset of light duty work based on his back problems and mental condition. Appellant has waived the arguments he now makes, but failed to raise in the district court, to challenge the jobs that the vocational expert found he could perform. Chaparro v. Bowen, 815 F.2d 1008, 1011 (5th Cir. 1987).

4. Appellant's assertions of illiteracy considerably exaggerate the evidence in the record. Further, the ALJ found appellant's subjective complaints "not totally credible." These circumstances additionally support our determination to AFFIRM the judgment of the district court.

AFFIRMED.