# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 29, 2009

No. 08-60987
Summary Calendar

Charles R. Fulbruge III
Clerk

JENNY LYNN TUCKER

Plaintiff-Appellant

v.

MICHAEL J. ASTRUE , COMMISSIONER OF SOCIAL SECURITY

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:07-CV-4

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Jenny Lynn Tucker filed a civil action under section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), to obtain judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying Tucker's claim for disability insurance benefits under Title II of the Social Security Act. The district court affirmed the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

decision of the Commissioner, and Tucker appealed.[1]  For the following reasons, we AFFIRM.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Dr. Chris Mauldin treated Tucker for knee trauma on November 29, 2004, after she hit her right knee while opening a door. He treated Tucker's subsequent knee effusion with medication and informed her that she could return to her normal activity. Tucker's subjective complaints of knee pain persisted through January 7, 2005 despite Dr. Mauldin's statements that he successfully treated her knee in November 2004.  Dr. Mauldin suggested ongoing conservative treatment with medication and moist heat after a follow-up exam on January 7, 2005, revealed some pain around the right knee joint with minimal effusion.

Tucker also complained of neck discomfort near the end of 2004, and an MRI on December 20, 2004 revealed a left lateral disc protrusion at C5-6 and C6-7.  Tucker's continued complaints of neck pain prompted a bone scan on January 20, 2005, but the scan yielded normal results. Dr. Aremmia Tanious, who had treated Tucker twice since December 14, 2004, opined on January 24, 2005 that Tucker's degenerative cervical spine disease, migraine headaches, and depression rendered her "totally disabled" and "unable to perform any job at this point."  By February 2005, Tucker's subjective pain complaints persisted, and now included allegations of pain in her neck, upper back, and shoulders, as well as fatigue. This prompted Dr. Tanious to cite fibromyalgia as the possible cause of Tucker's diffuse nonspecific pain.

On February 22, 2005, Dr. Tanious requested that Tucker be excused from jury duty due to fibromyalgia.  On June 13, 2005, Tucker underwent a comprehensive mental status examination by Dr. Joanna McCraney .  During

---

[1] This court has jurisdiction pursuant to 28 U.S.C. § 1291.

this evaluation Tucker cited her physical problems as the only reason she is unable to work. Tucker explained her ability to conduct activities of daily living including cooking and other chores, but noted a need to spend much of the day in a recliner to relieve her back pain. Specifically, Tucker noted that she drives, shops, and prepares meals. Tucker also referenced limited social activities. Dr. McCraney diagnosed Tucker with depression, but concluded that she did not appear unable to work from a mental standpoint.

Dr. Tanious again examined Tucker for complaints of shoulder, arm, and leg pain on December 12, 2005. Despite Tucker's relatively normal physical examination, Dr. Tanious once again opined that she was "not able to perform any type of job." On December 29, 2005, Dr. Tanious completed a formal "Medical Assessment of Ability to do Work-Related Activities (Physical)" form. Dr. Tanious explained that Tucker's lifting and carrying were not affected by her impairments, but nevertheless limited her to 5 pounds carrying both frequently and occasionally. Dr. Tanious then noted that Tucker was limited to 4 hours standing/walking in an eight hour day with interruptions every 1 hour, and suffered from no limitation to her ability to sit. Dr. Tanious further opined that Tucker could only occasionally climb, balance, stoop, crouch, kneel, and crawl.

Tucker applied for disability insurance benefits under Title II of the Social Security Act on February 15, 2005, alleging disability beginning January 27, 2005. Her claim was denied initially on July 1, 2005 and upon reconsideration on July 26, 2005. On July 29, 2005, Tucker filed a timely request for a hearing before an Administrative Law Judge ("ALJ"). The ALJ held a hearing in Hattiesburg, Mississippi, on January 4, 2006, at which she took testimony from Tucker and vocational expert Ronald K. Smith ("Smith") and evaluated the opinions of medical experts, including Dr. Tanious. The ALJ issued an unfavorable decision on June 27, 2006, finding that Tucker was "not disabled" because she retained the residual functional capacity ("RFC") to perform a full

range of sedentary work as of her date last insured for benefits. This decision became the Commissioner's final decision after the Appeals Council denied Tucker's subsequent request for review on November 6, 2006. Tucker then filed a complaint in the United States District Court for the Southern District of Mississippi, Hattiesburg Division, seeking judicial review of the Commissioner's decision denying her disability application. Tucker and the Commissioner each filed district court briefs, and a magistrate judge issued a report and recommendation on February 15, 2008, affirming the decision of the Commissioner. Tucker did not file any objection. The district court issued an order adopting the magistrate's report and recommendation on August 5, 2008, and a final judgment affirming the Commissioner's decision on August 8, 2008.

## II. APPLICABLE LEGAL STANDARDS

The Commissioner's decision is reviewed by this court only to ascertain whether (1) the decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). It is more than a scintilla, but less than a preponderance. *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988). This court does not reweigh the evidence in the record, try the issues de novo, or substitute its judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision. *See Newton*, 209 F.3d at 452. Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Id*. The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council. *Id*. at 455.

The claimant has the burden of proving she has a medically determinable physical or mental impairment lasting at least twelve months that prevents her from engaging in substantial gainful activity. *Newton*, 209 F.3d at 452 (citing

42 U.S.C. § 423(d)(1)(A)). Substantial gainful activity is defined as work activity involving significant physical or mental abilities for pay or profit. *Id*. at 452–53 (citing 20 C.F.R. § 404.1572(a) and (b)).

The ALJ uses a five-step sequential process to evaluate claims of disability in which he must determine whether: (1) the claimant is not working in substantial gainful activity; (2) the claimant has a severe impairment; (3) the claimant's impairment meets or equals a listed impairment; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other work. *Id*. at 453 (citing 20 C.F.R. § 404.1520). The claimant bears the burden of proof on the first four steps, and the burden shifts to the Commissioner for the fifth step. Thus, the claimant must show first that she is no longer capable of performing her past relevant work. *Id*. (citing 20 C.F.R. § 404.1520(e)). If the claimant satisfies this burden, then the Commissioner must show that the claimant is capable of engaging in some type of alternative work that exists in the national economy. *Id*. (citing *Chaparro v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987)). Once the Commissioner makes this showing, the burden of proof shifts back to the claimant to rebut this finding. *Id*. (citing *Chaparro*, 815 F.2d at 1010). A finding that the claimant is not disabled at any step is conclusive and ends the inquiry. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (citing *Greenspan v. Shalala*, 38 F.3d 232, 235 (5th Cir. 1994)).

## III. THE DECISION OF THE ALJ

Applying step one of the five step inquiry to Tucker's claim for disability, the ALJ found that Tucker had not engaged in any substantial gainful activity at any relevant time. At step two, the ALJ found that Tucker suffered from the following "severe" impairments: fibromyalgia and arthritis of the knee. At step three, however, the ALJ determined that none of Tucker's impairments, or a combination thereof, met or medically equaled any impairment in the Listing of

Impairments found in 20 C.F.R. 404, subpart P, Regulation 4, Appendix 1. At step four, the ALJ found that Tucker's RFC precluded performance of her past relevant work, but at step five, the ALJ concluded that Medical-Vocational rule 201.21 directed a finding of "not disabled" given Tucker's age, education, work experience, and RFC. In assessing Tucker's RFC, the ALJ found that Tucker retained the RFC to perform a full range of sedentary work and that her statements concerning the intensity, duration, and limiting effects of her symptoms were not entirely credible. The ALJ acknowledged that "[t]he objective medical evidence clearly show[ed] that the claimant has impairments which could reasonably be expected to cause mild to moderate pain and limitations which would clearly restrict her to no more than sedentary level of activity." However, the ALJ found Dr. Tanious' conclusion that Tucker was unable to perform any type of job to be inconsistent with other medical evidence as well as Tanious' own records. Furthermore, the ALJ noted that Tucker's own testimony regarding her limitations were consistent with a sedentary level of activity, and that her impairments were not shown to be "so severe as to prevent the claimant from being present and attentive in a normal job setting requiring no more than sedentary work." Therefore, the ALJ found that Tucker was not disabled as defined under the Act.

## IV. ANALYSIS

Tucker contends that substantial evidence does not support the ALJ's finding that she retains the RFC for sedentary work because (1) Dr. Tanious stated that she is "disabled" and "unable to work" and (2) Dr. Tanious' description of her actual functional limitations, specifically the 5-pound weight limitation, do not lead to the conclusion that she can perform sedentary work.

In the first instance, it appears that Tucker has waived both of these arguments by failing to raise them in the district court. *Keenan v. Tejada*, 290 F.3d 252, 262 (5th Cir. 2002) ("If a party fails to assert a legal reason why

summary judgment should not be granted, that ground is waived and cannot be considered or raised on appeal"). Although Tucker challenged the ALJ's assessment of her RFC in the district court proceeding, she did not specifically assert either of the challenges presented here. Specifically, Tucker failed to argue that the 5-pound lifting and carrying restriction Dr. Tanious assessed is inconsistent with a sedentary RFC. She also failed to argue that the ALJ failed to properly weigh Dr. Tanious' medical source statements that she is "totally disabled" and "unable to perform any job at this point," in a manner sufficient to satisfy the requirements of 20 C.F.R. § 404.1527(d). Because Tucker failed to raise these arguments in the district court, they have been waived. *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 340 (5th Cir. 2005) (noting that a party "must press and not merely intimate the argument during the proceedings before the district court.").

Even if Tucker's arguments were properly before this court, they would not present a successful challenge to the decision of the ALJ. The ALJ's determination that Tucker is not disabled is supported by substantial evidence in the record. Tucker first argues that the 5-pound lifting and carrying restriction Dr. Tanious assessed is not consistent with the ALJ's finding that Tucker can perform the full range of sedentary work. According to the applicable regulations, the performance of the full range of sedentary work requires the ability to lift and carry a maximum of 10 pounds occasionally. 20 CFR 404.1567(a). Although the 5-pound restriction does not support the ALJ's conclusion that Tucker can perform the full range of sedentary work, the ALJ based his RFC assessment on the entire medical record, including Tucker's office visits at various clinics and multiple tests and treatments, and not solely on the specific functional limitations specified by Dr. Tanious. The ALJ, after reviewing and weighing the entire medical record in detail, concluded that the evidence only established that Tucker "has impairments which could reasonably

be expected to cause mild to moderate pain and limitations which would clearly restrict her to no more than a sedentary level of activity." In addition, even if the ALJ had credited the weight restriction expressed by Dr, Tanious, it would likely not have affected the ALJ's ultimate conclusion that Tucker was not disabled under the Act. It is uncontested that the vocational expert testified that "there are some sedentary jobs that don't involve lifting more than five pounds at a time" that an individual of the age, education, work history, and RFC described by Dr. Tanious could perform. *See Ripley v. Chater*, 67 F.3d 522, 557 (5th Cir. 1996) (noting that "[r]eversal of [the ALJ's] decision . . . is appropriate only if the applicant shows that he was prejudiced.").

Furthermore, even if Tucker's second argument was not waived, the ALJ did not err in failing to credit Dr. Tanious' ultimate conclusions that Tucker is "totally disabled" and "unable to perform any job at this point." The regulations defining "medical opinions" specifically state that conclusory statements such as those made br Dr. Tanious are "not medical opinions as described in paragraph (a)(2) of [20 C.F.R. § 404.1527], but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case," and are not entitled to any special significance or treatment under the regulations. 20 C.F.R. § 404.1527(e), (e)(3). A determination by a treating physician that an applicant is "disabled" or "unable to work" is not a medical opinion entitled to deference, but rather a legal conclusion "reserved to the Commissioner." *Frank v. Barnhart*, 326 F.3d 618, 620 (5th Cir. 2003). Thus, the ALJ did not err in failing to credit Dr. Tanious' conclusions that Tucker is "totally disabled" and "unable to perform any job."

## V. CONCLUSION

Tucker waived her arguments by failing to raise them in the district court. Even if Tucker had properly preserved her arguments, they would not to present

a sufficient challenge to the decision of the ALJ. Therefore, the judgment of the district court is AFFIRMED.