# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-31008
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 23, 2016

Lyle W. Cayce
Clerk

RODERICK RIGBY,

      Plaintiff - Appellant

v.

CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL
SECURITY,

      Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:13-CV-3252

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:*

Roderick Rigby appeals the district court's judgment affirming the determination by the Social Security Administration that Rigby was no longer disabled beginning March 9, 2012. Rigby contends that it was improper for the Administrative Law Judge to rely solely on the Medical-Vocational Guidelines, also known as "The Grids," when making this determination. According to

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-31008

Rigby, because the ALJ found that he suffers from a severe non-exertional impairment, the ALJ was precluded from relying solely on the Grids and instead was required to consider the testimony of a vocational expert. Rigby's alternative argument that the ALJ was required to consider vocational expert testimony since he used the Grids as a "framework" for his decision—instead of relying on them exclusively—is forfeited because Rigby did not present it to the district court. *See Chaparro v. Bowen*, 815 F.2d 1008, 1011 (5th Cir. 1987).

We have reviewed the briefs and the relevant portions of the record and find no reversible error of fact or law in the decision of the magistrate judge, adopted by the district court. Binding circuit precedent allows the ALJ to rely solely on the Grids when the Social Security claimant's "non-exertional impairments do not significantly affect his residual functional capacity." *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987). Here, the ALJ explicitly found that Rigby's non-exertional impairments had "little to no effect" on his residual functional capacity. Rigby offers no serious argument in his briefing that this finding was not based on substantial evidence. *See id.* at 1302. Thus, the ALJ was justified in relying solely on the Grids in finding that Rigby was no longer disabled beginning March 9, 2012.

The judgment of the district court is **AFFIRMED**.