**Carroll W. SHIPLEY,**
**Plaintiff-Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
**Defendant-Appellee.**

No. 86–3234
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 18, 1987.

J. Richard Kanuch, Harvey, La., for plaintiff-appellant.

John Volz, U.S. Atty., Hale Boggs Fed. Bldg., Nancy A. Nungesser, Asst. U.S. Atty., New Orleans, La., John M. Gough, DHHS, Office of the General Counsel, Dallas, Tex., for defendant-appellee.

Before REAVLEY, JOHNSON and W. EUGENE DAVIS, Circuit Judges.

PER CURIAM:

Carroll Shipley appeals the district court's order denying his claim for disability benefits under the Social Security Act, 42 U.S.C. §§ 416(i), 423, and for supplemental security income benefits under 42 U.S.C. § 1381a. He maintains that the Secretary's decision to deny him benefits is not supported by substantial evidence. We affirm.

Shipley alleges that he became disabled in 1974 due to a back injury, but his last employment occurred in 1982. His past job positions include deck hand, meat grinder, and security guard; he has a fourth grade education and currently is in his late thirties.

Plaintiff appealed the Social Security Administration's decision to deny his claim for benefits to an Administrative Law Judge (ALJ), who conducted a hearing de novo in 1983. She issued an opinion and decision explaining why Shipley is not entitled to benefits. He appealed this decision in a United States District Court and a magistrate held a hearing on the Secretary's motion for summary judgment. The magistrate issued findings and a recommendation favoring the Secretary's motion for summary judgment. Plaintiff filed objec-

tions to the findings, but the district judge, after considering the entire record, adopted the magistrate's findings as its opinion. The court granted the Secretary's motion for summary judgment.

The Social Security Act defines "disability" as "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Regulations set forth by the Secretary prescribe that disability claims are to be evaluated according to a five-step process. 20 C.F.R. § 404.1520 (1986). The first step involves determining whether the claimant is currently engaged in substantial gainful activity. If so, the claimant will be found not disabled "regardless of [his] medical condition or [his] age, education, and work experience." *Id.* § 404.1520(b). The second step involves determining whether the claimant's impairment is "severe," which is defined as an impairment "which significantly limits [the] physical or mental ability to do basic work activities." *Id.* § 404.1520(c). If the impairment is not severe, the claimant is deemed not disabled. The third step concerns whether the severe impairment is at least equal to one in a list of specific impairments. If the claimant suffers from a listed impairment, he is deemed disabled without considering his age, education, and work experience. Fourth, if the claimant has a severe impairment that is not included on the list of impairments, the Social Security Administration is to review the claimant's residual functional capacity and the demands of his past work. If he "can still do this kind of work, [the Administration] will find that [he is] not disabled." *Id.* § 404.1520(e). Fifth, if the claimant "cannot do any work [he has] done in the past because [he has] a severe impairment(s)," the Administration asks whether, given the claimant's residual capacities and his age, education, and work experience, he can do other work. If not, he will be found disabled. *Id.* § 404.1520(f).

Shipley points out that we set out the appropriate test for "severity" of an impairment in *Stone v. Heckler,* 752 F.2d 1099, 1101 (5th Cir.1985): "[A]n impairment can be considered as not severe only if it is a slight abnormality [having] such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." (quoting *Estran v. Heckler,* 745 F.2d 340, 341 (5th Cir.1984)). Shipley is correct in his assertion that, given the medical testimony in this case, his impairment must be considered "severe" under the *Stone* test. What he overlooks, however, is that having a severe impairment is not a sufficient condition for receiving benefits under the Secretary's regulations. Satisfying the *Stone* test of severity means only that claimant has passed the second step of the inquiry mandated by the regulations. While the opinion could have been clearer on this point, the Administrative Law Judge's ruling of ineligibility was not based on step two.

The ALJ found that Shipley's impairments do not equal or exceed the listed impairments and that he is able to perform the work of a security guard. This suggests, without explicitly stating, a finding that claimant's disability was severe under the *Stone* test. Without such a finding, there is no reason to ask whether claimant's disability is a listed one (step three) or whether he can perform the work of a security guard (steps four and five).

Moreover, we find the ALJ's determination that Shipley can do the work of a security guard to be supported by substantial evidence. A vocational expert testified to this effect at the hearing. There was sufficient medical evidence from which the ALJ could conclude that Shipley has the residual capacity to do physical work "except for work involving lifting more than 30 pounds occasionally, lifting or carrying more than 25 pounds on a frequent basis, engaging in repetitive bending, or using the right dominant hand for gripping objects or fine movements." It is true that two of the physicians consulted wrote "totally disabled" on forms that were sub-

mitted into evidence. But the ALJ found that these statements were not supported by clinical or laboratory findings. "The duty of an appellate court when reviewing an agency decision regarding disability benefits and supplemental security income benefits is not to reweigh the evidence, but merely to determine if there is substantial evidence in the record to support the agency's decision." *Fortenberry v. Harris*, 612 F.2d 947, 950 (5th Cir.1980). We find that in this case such substantial evidence exists in the record.

AFFIRMED.