**Gerald PADALECKI, Plaintiff,**

v.

**Michael J. ASTRUE, Commissioner of the Social Security Administration, Defendant.**

**Civil Action No. SA–08–CA–351–XR.**

United States District Court,
W.D. Texas,
San Antonio Division.

March 1, 2010.

Suzanne Villalon–Hinojosa, Heard & Smith, L.L.P., San Antonio, TX, for Plaintiff.

**578**

Gary W. Wright, U.S. Attorney's Office, San Antonio, TX, for Defendant.

## ORDER ON MAGISTRATE JUDGE'S MEMORANDUM & RECOMMENDATION

XAVIER RODRIGUEZ, District Judge.

On this date, the Court considered the United States Magistrate Judge's Memorandum and Recommendation in the above-numbered and styled case (Docket Entry No. 19). After careful consideration of the Memorandum and Recommendation and Defendant's objections, this Court ACCEPTS the Magistrate Judge's recommendation to remand the case for further proceedings.

### Background and Procedural History

Plaintiff, Gerald Padalecki was born on June 9, 1951, and has a college education with past work experience as a tax accountant and a corporate tax supervisor. (Tr. 65.) He applied for Title II disability benefits on March 23, 2005, claiming that a heart condition, enlarged prostate, chronic obstructive pulmonary disease (COPD), Barrett's esophagus, amyloidosis, hypertension, gastroesophageal reflux disease (GERD), a lower-back herniated disc, and a pacemaker limited his ability to work and rendered him disabled beginning on June 15, 2001. (Tr. 50–51.) Padalecki's application was denied initially on June 9, 2006, and upon reconsideration, it was again denied on August 9, 2005. (Tr. 26.) A hearing was held on February 15, 2007, before Administrative Law Judge (ALJ) David R. Wurm. (Tr. 26.) ALJ Wurm issued his decision on May 25, 2007, denying Padalecki benefits. (Tr. 32.) The Appeals Council denied a request for review, making ALJ Wurm's decision the final decision of the Social Security Commissioner. (Tr. 4.) Padalecki appealed to this Court on May 29, 2008.

The ALJ determined that Padalecki was not disabled using the five-step sequential evaluation process. 20 C.F.R. § 404.1520(a). At step one of the evaluation process, the ALJ determined that Padalecki had not engaged in substantial gainful activity since June 15, 2001. (Tr. 28.) At step two, the ALJ determined that Padalecki's medical conditions of neurocardiogenic syncope and deodenal amyloid were severe impairments but that the medical conditions of Barrett's esophagus, history of iron deficient anemia, lumbar degenerative disc disease, and hypertension were not severe impairments because they "impose[d] no significant limitations on work activity, cleared spontaneously, or are controlled with medical management." (Tr. 28.) At step three, the ALJ determined that Padalecki's impairments did not meet or medically equate to one of the listed impairments in the Code of Federal Regulations. (Tr. 29); *see* 20 C.F.R. §§ 404.1520(d), .1525, .1526. The ALJ concluded that Padalecki possessed a residual functional capacity "to perform a wide range of sedentary exertion work." (Tr. 29.) The ALJ utilized this residual functional capacity determination in step four to ultimately conclude that Padalecki "is capable of performing [his] past relevant work as a tax accountant." (Tr. 31.) The ALJ noted that the Dictionary of Occupational Titles labels work as a tax accountant as sedentary work and was therefore compatible with Padalecki's residual functional capacity. (Tr. 31–32.) This determination, that Padalecki was capable of performing his past relevant work, led to the ALJ's decision that he was not disabled as defined by the Social Security Act and therefore not entitled to benefits. (Tr. 32.)

Padalecki filed a brief with this Court arguing that the ALJ failed to use the appropriate standard at step two of the evaluation process when he determined that certain medical conditions were not severe. Padalecki argued that an impair-

ment is not severe if it is a slight abnormality and has no more than a minimal effect on an individual and no effect on the individual's ability to perform work-related activities irrespective of age, education, and work experience. He argued that the ALJ failed to consider whether his impairments met or equaled a listing for the digestive tract at step three of the process. He argued further that the ALJ improperly evaluated the opinion of his treating physician Dr. Jackson, and failed to perform an individualized assessment when determining residual functional capacity.

## Magistrate Judge's Memorandum & Recommendation

The Magistrate Judge agreed with Padalecki that the wrong standard was applied by the ALJ when he determined at step two that certain medical conditions—Barrett's esophagus, the history of iron deficient anemia, lumbar degenerative disc disease, and hypertension—were not severe.[1] Pursuant to the standard established in *Stone v. Heckler*, 752 F.2d 1099 (5th Cir.1985), "[a]n impairment can be considered as not severe only if it is a slight abnormality having such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Id.* at 1101 The Magistrate Judge concluded that the proper standard does not allow for any interference with a claimant's work ability, and if there is interference with the ability to work, then the impairment is severe. The Magistrate Judge noted that the standard applied by the ALJ was whether the impairment or impairments "significantly limit[ed] an individual's ability" to work. The Magistrate Judge further determined that application of an improper standard was legal error requiring remand.

## Objections to the Memorandum & Recommendation

The Commissioner objected[2] to the Magistrate Judge's recommendation for remand arguing that the correct severity standard was applied at step two and that, regardless, the step two analysis was immaterial because the ALJ made a decision based on step four of the analysis. The Commissioner asserts that the language used by the ALJ is not critical; it is the standard applied that matters. He argues that in this case, although the language was not verbatim, the correct standard was applied. The Commissioner notes that the ALJ cited to a social security ruling, which contains the proper severity language. *See* Soc. Sec. Rul. 85–28 (1985). The Commissioner contends that the relevant language of the standard is "slight impairment" and that some interference with ability to work is permissible if it is slight. The Commissioner further argues that a step-two analysis is a means of summarily disposing of cases with slight abnormalities without going on to a full evaluation of vocational factors at steps four and five. When, as here, the analysis proceeds to step four or five, all impairments, whether they be deemed severe or not, are considered to determine if the claimant is capable of engaging in substantial gainful activities. Thus, because a full evaluation of Padalecki's ability to engage in substantial gainful activities was done, and his case was not summarily disposed of at step two, the step-two analysis is irrelevant.

## Jurisdiction

This Court has jurisdiction to review the Commissioner's final decision as provided by 42 U.S.C. § 405(g).

---

1. Mem. & Recommendation, Feb. 3, 2009 (Docket Entry No. 19).

2. Def.'s Objections to the Magistrate Judge's Mem. & Recommendation, Feb. 17, 2009 (Docket Entry No. 21).

## Legal Standard

When a party objects to the Magistrate Judge's Report and Recommendation, the Court conducts a *de novo* review. 28 U.S.C. § 636(b)(1). A denial of disability benefits by the Commissioner is reviewed by the Court narrowly to determine only whether substantial evidence supports the denial and whether the proper legal standards were applied. 42 U.S.C. §§ 405(g), 1383(c)(3); *Loza v. Apfel,* 219 F.3d 378, 389 (5th Cir.2000). The dispute in this case involves the application of a legal standard and thus falls within the scope of review.

"Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa v. Sullivan,* 895 F.2d 1019, 1021–22 (5th Cir.1990) (quoting *Hames v. Heckler,* 707 F.2d 162, 164 (5th Cir.1983)). Substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.' " *Abshire v. Bowen,* 848 F.2d 638, 640 (5th Cir.1988) (quoting *Hames,* 707 F.2d at 164).

If the Commissioner's findings are supported by substantial evidence, then they are conclusive and must be affirmed. *Martinez v. Chater,* 64 F.3d 172, 173 (5th Cir.1995). A court must examine the entire record, but refrain from re-weighing the evidence or substituting its judgment for that of the Commissioner when evaluating the Commissioner's findings. *Ripley v. Chater,* 67 F.3d 552, 555 (5th Cir.1995); *Villa,* 895 F.2d at 1021. Conflicts in the evidence and credibility assessments are for the Commissioner and not for the courts to resolve. *Martinez,* 64 F.3d at 174.

## Analysis

The legal standard applicable at step two of the evaluation process in the Fifth Circuit was set out in *Stone v. Heckler,* 752 F.2d 1099 (5th Cir.1985). "An impairment can be considered as not severe only if it is a slight abnormality having such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Id.* at 1101:(quoting *Estran v. Heckler,* 745 F.2d 340 (5th Cir.1984)). After adopting this as the standard to be applied to a severity determination, the Court stated that unless the *Stone* opinion itself, another opinion with the same effect, or an express statement of this standard is referenced, then an assumption that the wrong standard was applied by the ALJ and Appeals Council would arise. *Id.* at 1106. Further, the Fifth Circuit stated that "unless the correct standard is used, the claim must be remanded." *Id.*

The ALJ in this case did not cite to the *Stone* opinion or any other similar opinion and stated that an impairment was not severe if it "would have no more than a minimal effect on an individual's ability to work," thus some interference with the ability to work was permissible. *Stone* does not allow for any interference with work ability, not even minimal interference. *Scroggins v. Astrue,* 598 F.Supp.2d 800, 805 (N.D.Tex.2009) ("*Stone* provides no allowance for a minimal interference on a claimant's ability to work."). The failure to cite *Stone* or an equivalent opinion combined with the variance in language compels this Court to conclude that the ALJ applied the incorrect severity standard.[3]

---

3. The Court recognizes that "[a] case will not be remanded simply because the ALJ did not use 'magic words.' " *Hampton v. Bowen,* 785 F.2d 1308, 1310 (5th Cir.1986). This is not the case here, where the language indicates that the ALJ did not apply the correct legal standard. *See id.*

Failure to apply the proper *Stone* standard is a legal error requiring that the claim be remanded.[4] *Id.* at 806–07 ("The Fifth Circuit left the lower courts no discretion to determine whether such an error was harmless. Rather, the court mandated that '[u]nless the correct standard is used, the claim *must* be remanded to the Secretary for reconsideration.'" (quoting *Stone,* 752 F.2d at 1106 (emphasis added))).

The Commissioner's argument that application of the incorrect severity standard at step two of the evaluation process is irrelevant when the ALJ proceeds to and disposes of the case at steps four or five of the evaluation process is unsupported by case law.[5] The Commissioner cited to *Chaparro v. Bowen,* 815 F.2d 1008 (5th Cir.1987), and *Jones v. Bowen,* 829 F.2d 524 (5th Cir.1987), for this proposition. The language in these cases is not controlling. In *Chaparro,* the petitioner waived the issue because he failed to raise it before the court. *Chaparro,* 815 F.2d at 1011. In *Jones,* the statement was in a brief footnote not central to the Court's

analysis of the case.[6] *Jones,* 829 F.2d at 527. The Fifth Circuit in *Loza v. Apfel,* 219 F.3d 378 (5th Cir.2000), held that application of an incorrect standard at step two was cause for remand.[7] *Id.* at 391–92. Moreover, this Court has stated that proceeding past step two of the evaluation process does not make the application of an incorrect severity standard irrelevant. *See Gonzales–Sargent v. Barnhart,* No. SA06–CA–355–XR, 2007 WL 1752057, at *18 (W.D.Tex. June 15, 2007) ("[I]t is possible for a case to be remanded even if the ALJ moved beyond the second step of the evaluation process.").

## Conclusion

Application of the incorrect standard at step two of the evaluation process was a legal error. The Court ACCEPTS the Memorandum and Recommendation of the Magistrate Judge and REMANDS this case for further consideration consistent with this opinion.

It is so ORDERED.

4. Moreover, citation to the Social Security Regulation alone does not alleviate the concern that the incorrect legal standard was applied. (*See* Tr. 27).

5. *Harrell v. Bowen,* 862 F.2d 471, 481 (5th Cir.1988), and *Shipley v. Secretary,* 812 F.2d 934, 935 (5th Cir.1987), contain language that could be construed to support this proposition. However neither case addressed the application of an incorrect legal standard. In *Harrell,* the claimant did not challenge the ALJ's application of the *Stone* standard of severity, but rather the ALJ's disregard for claimant's allegations of pain. In *Shipley,* the claimant alleged that the ALJ's decision was not supported by substantial evidence, and the court disposed of the case by saying that substantial evidence did support the ALJ's determination.

 Both *Harrell* and *Shipley* state that the proper scope of review is limited to a determi-

nation of whether substantial evidence supports the ALJ's decision. Later Fifth Circuit cases include within the scope of review a determination of whether the proper legal standards were applied, as well as whether substantial evidence supports the decision. *See, e.g., Boyd v. Apfel,* 239 F.3d 698, 704 (5th Cir.2001); *Loza v. Apfel,* 219 F.3d 378 (5th Cir.2000); *Greenspan v. Shalala,* 38 F.3d 232, 236 (5th Cir.1994).

6. The Court proceeded under the scope of review limited to the substantial evidence review discussed *supra* note 5.

7. While this case had two holdings, one requiring remand for failure to apply the correct *Stone* standard at step two and the other remanding for lack of substantial evidence, the holding regarding the *Stone* standard is not diminished by this fact.

## MEMORANDUM AND RECOMMENDATION

JOHN W. PRIMOMO, United States Magistrate Judge.

Plaintiff instituted this action pursuant to 42 U.S.C. § 405(g) seeking review of the determination of Michael J. Astrue, the Commissioner of the Social Security Administration, that plaintiff is not disabled and, therefore, not entitled to receive disability benefits. Plaintiff protectively filed his application for benefits on March 23, 2005 alleging disability beginning June 15, 2001. (Tr. pp. 57–59). The Social Security Administration denied the application both initially and upon reconsideration. On May 25, 2007, after a hearing, an administrative law judge ("ALJ") determined that plaintiff is not disabled. (Tr. pp. 26–32). The Appeals Council denied plaintiff's request for review, making the determination of the ALJ the final decision of the Commissioner. Plaintiff now appeals that determination.

### Entitlement to Benefits

Every individual who is insured for disability insurance benefits, has not attained retirement age, has filed an application for benefits, and suffers a disability is entitled to receive disability insurance benefits. Title 42 U.S.C. § 423(a)(1). The term "disability" means the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Title 42 U.S.C. § 423(d)(1)(A). A person shall be determined to be disabled only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. Title 42 U.S.C. § 423(d)(2)(A).

### Evaluation Process and Burden of Proof

Regulations set forth by the Commissioner prescribe five basic steps or considerations in evaluating disability claims. Title 20 C.F.R. § 404.1520. To be found disabled, the claimant first bears the burden of proving that:

(1) he is not currently engaged in substantial gainful activity;

(2) he has an impairment or combination of impairments that is severe; *and,*

(3) the impairment meets or equals a listed impairment; or,

(4) in light of the claimant's residual functional capacity ("RFC"), the impairment prevents the claimant from returning to his past relevant work. *Crowley v. Apfel,* 197 F.3d 194, 197–98 (5th Cir.1999). If the claimant establishes these elements, the burden shifts to the Commissioner to prove that:

(5) considering the claimant's residual capacities and his age, education, and work experience, the impairment does not prevent him from performing other jobs which exist in significant numbers in the national economy. *Id.* If the Commissioner adequately points to potential alternative employment, the burden then shifts back to the claimant to prove that he is unable to perform the alternative work. *Id.*

### Standard of Review

 In reviewing the Commissioner's decision denying disability benefits, the Court is limited to a determination of whether the decision is supported by sub-

stantial evidence and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir.2002). Substantial evidence is more than a scintilla and less than a preponderance. *Id.* It must do more than create a suspicion of the existence of the fact to be established but "no substantial evidence" will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence. *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir.1988).

If the Commissioner's findings are supported by substantial evidence, they must be affirmed. *Masterson*, 309 F.3d at 272. In applying the substantial evidence standard, the Court must carefully examine the entire record but must refrain from reweighing the evidence or substituting its judgment for that of the Commissioner. *Id.* Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Id.*

### ALJ's Findings and Plaintiff's Contentions

At the time of the ALJ's decision, plaintiff was 55 years old with a college education and past relevant work experience as a tax accountant. The ALJ found that plaintiff has not engaged in substantial gainful activity since his alleged onset date. At the second and third steps of the evaluation process, the ALJ determined, after reviewing the objective medical evidence, that plaintiff has the following severe impairments: neurocardiogenic syncope and duodenal amyloid, but that these impairments do not, either singly or in combination, meet or equal a listed impairment. The ALJ concluded that plaintiff's diagnoses of Barrett's esophagus, history of iron deficient anemia, lumbar degenerative disc disease, and hypertension are not severe impairments.

At the fourth step of the evaluation process, the ALJ assessed plaintiff's RFC and the demands of his past work. The ALJ discounted plaintiff's subjective complaints of disabling symptoms and limitations. He determined that plaintiff retains the RFC to perform a wide range of sedentary work and found that plaintiff is able to perform his past relevant work; therefore, he is not disabled.

Plaintiff contends that the decision of the Commissioner is not supported by substantial evidence. He states that the ALJ used the wrong standard in finding that plaintiff's diagnoses of Barrett's esophagus, history of iron deficient anemia, lumbar degenerative disc disease, and hypertension are not severe impairments. Next, he asserts that the ALJ failed to determine whether his cardiac impairment equaled Listing 4.05. Plaintiff complains that the ALJ failed to properly evaluate the opinion of his treating physician. Finally, he states that the RFC assessment is not well-supported because it does not include his nonexertional limitations.

### Analysis

Plaintiff contends that the ALJ erred in finding that his diagnoses of Barrett's esophagus, history of iron deficient anemia, lumbar degenerative disc disease, and hypertension are not severe impairments. As the basis for his findings, the ALJ stated that these impairments either impose no significant limitations on work activity, cleared spontaneously, or are controlled with medical management. (Tr. p. 28). Plaintiff argues that the ALJ did not rely upon the appropriate severity standard in arriving at his determination.

The Commissioner suggests that the ALJ's determination that some of plaintiff's impairments are not severe is irrelevant in light of the fact that this case was resolved at step four of the evaluation process. In support of his argument, he

cites to *Chaparro v. Bowen,* 815 F.2d 1008, 1011 (5th Cir.1987) and *Jones v. Bowen,* 829 F.2d 524, 526 n. 1 (5th Cir.1987). In *Gonzales–Sargent v. Barnhart,* 2007 WL 1752057 at *17–18 (W.D.Tex.2007), after reviewing these cases, this Court rejected the conclusion of the undersigned that the failure to find that an impairment is severe at step two can lead to remand only when the ALJ fails to find that any impairment is severe. Therefore, the merits of plaintiff's claim will be addressed.

The applicable regulation provides that an impairment is not severe if it does not significantly limit a claimant's physical or mental ability to do basic work activities. Title 20 C.F.R. § 404.1521(a). In this circuit, that regulation has been construed to mean that an impairment can be considered as not severe only if it is a slight abnormality having such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience. *Stone v. Heckler,* 752 F.2d 1099, 1101 (5th Cir.1985). In *Stone,* the Court of Appeals required that future ALJ decisions must include a reference to the *Stone* opinion to demonstrate that the correct standard was applied. *Id.* at 1106.

Contrary to plaintiff's representation, the ALJ's decision does refer to the *Stone* standard, in a slightly varied form. Before analyzing plaintiff's case, the ALJ discussed, in general, the five step process. After noting, correctly, that an impairment is within the meaning of the regulation if it significantly limits an individual's ability to perform basic work activities, the ALJ stated that "[a]n impairment or combination of impairments is 'not severe' when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work ..." (Tr. p. 27). When

discussing plaintiff's specific impairments, he referred to "significant limitations," rather than "slight abnormality" and "minimal effect." (Tr. p. 28). Plaintiff argues that by holding that certain of his impairments do not impose "significant limitations," the ALJ applied the improper severity standard.

██ This Court does not agree. Procedural perfection in administrative proceedings is not required as long as the substantial rights of a party have not been affected. *Audler v. Astrue,* 501 F.3d 446, 448 (5th Cir.2007). The ALJ's explanation of the general statement on the law, though not word for word from *Stone,* refers to the important phrases from *Stone,* "slight abnormality" and "minimal effect." The fact that the ALJ did not again recite this standard when applying the facts of plaintiff's case is of no consequence. Plaintiff's substantial rights were not affected so long as the impairments found not to be severe were only slight abnormalities having such a minimal effect on plaintiff that they would not be expected to interfere with his ability to work, irrespective of age, education or work experience.

The ALJ's decision does contain a *Stone* issue which cannot be ignored. As noted above, the Court of Appeals held in *Stone* that an impairment can be considered as not severe only if it is a *slight abnormality having such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work,* irrespective of age, education or work experience. *Stone v. Heckler,* 752 F.2d at 1101 (emphasis added). On the other hand, the ALJ in this case stated that "[a]n impairment or combination of impairments is 'not severe' when medical and other evidence establish only *a slight abnormality or a combination of slight abnormalities that would have no more*

*than a minimal effect on an individual's ability to work ..."* (Tr. p. 27)(emphasis added). He did not otherwise cite to *Stone* or the precise standard set forth in *Stone.*

In *Scroggins v. Astrue,* 598 F.Supp.2d 800 (N.D.Tex.2009), the Court dealt with the precise issue that exists here. In *Scroggins,* the ALJ did not explicitly reference *Stone* or a similar opinion applying the Fifth Circuit's standard. *Id.* at 805–06. Instead, he stated, as did the ALJ here, that "[a]n impairment or combination of impairments is 'not severe' when medical or other evidence establish only a slight abnormality or combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work." *Id.* According to this standard, an impairment could have, at most, a minimal effect on a claimant's ability to work for it to be found to be "not severe." *Id.*

The *Scroggins* Court held that this is not the standard set forth in *Stone,* which holds that a severe impairment "would not be expected to interfere with the individual's ability to work." 598 F.Supp.2d at 805, quoting *Stone,* 752 F.2d at 1101. Unlike the standard applied by the ALJ in *Scroggins* and in the case at bar, *Stone* provides no allowance for a minimal interference on a claimant's ability to work. While noting that procedural perfection was not required, the *Scroggins* Court held that the use of an improper *Stone* standard was a legal error, not a procedural error. *Scroggins,* 598 F.Supp.2d at 806–07. Remand was required. *See Deaver v. Astrue,* 2008 WL 4619823 at *10 (N.D.Tex. 2008)(same error); *Sanders v. Astrue,* 2008 WL 4211146 at *7 (N.D.Tex.2008) (same error).

In *Winget v. Astrue,* 2007 WL 4975206 (N.D.Tex.2007), the District Court, in adopting a Magistrate Judge's recommendation, held the ALJ applied the proper legal standard by stating "[a]n impairment

or combination of impairments is 'not severe' when medical and other evidence establish only a slight abnormality or a combination of abnormalities that would have no more than a minimal effect on an individual's ability to work." *Id.* at *7. However, the *Winget* Court did not resolve the issue raised in *Scroggins* and did not compare the ALJ's language to the literal wording of *Stone.* This Court notes that cases from this district, in discussing the severity standard, have referred to abnormalities having "no more than a minimal effect on an individual's ability to work", *Franzen v. Astrue,* 555 F.Supp.2d 720, 728 (W.D.Tex.2008), or have equated the *Stone* standard with the standard used by the ALJ in this case. *See Bustos v. Barnhart,* 2005 WL 3353745 at *8 (W.D.Tex.2005). However, the Court has not found that the severity language used by the ALJ in the case at bar or in *Winget* has been accepted in any Fifth Circuit case.

■ *Stone* refers to a slight abnormality having such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work. "Slight" quantifies the abnormality and "minimal" quantifies the effect on the individual. Arguably, to have meaning, "minimal effect" could refer to the individual's ability to work. However, the Court of Appeals did not phrase the severity standard that way. As it stands, *Stone* does not allow any interference with the individual's ability to work. A literal reading of *Stone* indicates that an impairment is not severe if it interferes in any way with this ability. The standard employed by the ALJ in this case allows for a finding of non-severity if the abnormality has only a minimal effect on the individual's ability to work. As that standard is inconsistent with *Stone,* the Court finds that substantial evidence does not supports the Com-

missioner's conclusion that plaintiff is not disabled.

### Recommendation

It is, therefore, the recommendation of the Magistrate Judge that the decision of the Commissioner denying plaintiff's application for disability benefits be RE-VERSED and that this matter be RE-MANDED to the Commissioner for further proceedings.

### Instructions for Service and Notice of Right to Appeal/Object

The United States District Clerk shall serve a copy of this United States Magistrate Judge's Memorandum and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy of those not registered by certified mail, return receipt requested. Pursuant to Title 28 U.S.C. Section 636(b)(1) and Rule 72(b), Fed.R.Civ.P., any party who desires to object to this report must serve and file written objections to the Memorandum and Recommendation within 10 days after being served with a copy unless this time period is modified by the district court. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. *Such party shall file the objections with the Clerk of Court and serve the objections on all other parties and the Magistrate Judge.* A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *See Thomas v. Arn,* 474 U.S. 140, 150, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation contained in this Memorandum and Recommendation within 10 days after being served with a copy shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1428–29 (5th Cir.1996).