# United States Court of Appeals for the Fifth Circuit

———————

No. 24-50233
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

October 3, 2024

Lyle W. Cayce
Clerk

Monica Vasquez,

*Plaintiff—Appellant*,

*versus*

Martin O'Malley, *Commissioner of Social Security*,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:22-CV-349

———————————————————

Before Davis, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Monica Vasquez appeals the district court's affirmance of an agency decision that she is not disabled, arguing the determination is not supported by substantial evidence. We find no reversible error and AFFIRM.

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50233

## I.

Vasquez applied for Supplemental Security Income (SSI), asserting she became disabled because of multiple medical impairments, including hypertensive peristalsis (also known as "jackhammer esophagus"), anxiety, and depression. After initial and reconsidered agency findings of no disability, Vasquez requested and received a hearing before an ALJ where she was represented by counsel. The ALJ found Vasquez was not disabled, and the Appeals Council denied review. Subsequent judicial review under 42 U.S.C. § 405(g) yielded a magistrate judge's report and recommendation that the ALJ's decision be affirmed, which the district court adopted. Vasquez timely appealed.

## II.

The Commissioner of Social Security determines whether a claimant is disabled through a sequential, five-step process.[1] During the first four steps of the process, the claimant bears the burden of proving her disability; the burden then shifts to the Commissioner at the fifth.[2]

This appeal involves the interregnum between the third and fourth steps when the Commissioner determines a claimant's "residual functional capacity" (RFC)—"the most [a claimant] can still do despite [her]

---

[1] The five steps consider: (1) Is the claimant "doing substantial gainful activity"? (2) If not, does the claimant "have a severe medically determinable physical or mental impairment" of sufficient duration? (3) If so, does her impairment(s) meet or equal a listing in Appendix 1 of the applicable regulations? (4) If not, considering the claimant's "residual functional capacity," can the claimant still do her "past relevant work"? (5) If not, can the claimant adjust to other work given her residual functional capacity, age, education, and work experience? 20 C.F.R. § 416.920(a)(4)(i)-(v); *see also* 20 C.F.R. pt. 404, subpt. P, app. 1.

[2] *Jones v. O'Malley*, 107 F.4th 489, 492 (5th Cir. 2024).

No. 24-50233

limitations."[3] Claimants "are responsible for providing the evidence" used to make the RFC finding; the Commissioner is responsible for developing the "complete medical history[.]"[4]

Here, the ALJ found Vasquez has the RFC "to perform a range of work at all exertional levels, but with non-exertional limitations. . . . Due to her combined symptoms, she is able to perform simple, routine, and repetitive tasks in a work environment free of fast-paced production requirements, involving only simple workplace decisions and routine workplace changes."[5]

Vasquez contends this was error for two reasons. First, she argues the ALJ committed a *Ripley* error in assessing the RFC without a consultative exam or medical testimony describing how her impairments impacted her ability to work given the complexities attendant her condition.[6] Second, Vasquez maintains the RFC is not supported by substantial evidence because it lacks limitations directly connected to her esophageal condition.

---

[3] 20 C.F.R. § 416.945(a)(1); *see also* 20 C.F.R. § 416.920(a)(4)(iv)-(v).

[4] 20 C.F.R. § 416.945(a)(3).

[5] The magistrate judge noted these limitations "appear to stem from Plaintiff's digestive condition exacerbating mental conditions."

[6] *Keel v. Saul*, 986 F.3d 551, 555 n.3 (5th Cir. 2021) (describing *Ripley* error as where "the ALJ independently decided, without obtaining an opinion from a medical expert, the effects of [her] impairments on her ability to work"). *See generally Ripley v. Chater*, 67 F.3d 552 (5th Cir. 1995).

No. 24-50233

### III.

Our review "is exceedingly deferential and limited to two inquiries: whether substantial evidence supports the ALJ's decision, and whether the ALJ applied the proper legal standards when evaluating the evidence."[7] In this context, substantial evidence means "more than a scintilla, but it need not be a preponderance."[8] "We will not re-weigh the evidence, try the questions *de novo*, or substitute our judgment for the Commissioner's, even if we believe the evidence weighs against the Commissioner's decision."[9] "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision."[10]

Applying this exceedingly deferential standard of review, we hold the ALJ did not commit a *Ripley* error. An administrative record is not *per se* incomplete without a medical opinion about a claimant's limitations, so long as it otherwise contains substantial evidence to make the RFC assessment.[11] Here, we find the record sufficient. Vasquez contends her esophageal condition precludes her prior work as a retail greeter due to hours of extended time needed to blend and consume her meals, but she also testified she

---

[7] *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012) (per curiam); 42 U.S.C. § 405(g). "The relevant law and regulations governing the determination of disability under a claim for disability insurance benefits are identical to those governing the determination under a claim for supplemental security income." *Davis v. Heckler*, 759 F.2d 432, 435 n.1 (5th Cir. 1985).

[8] *Taylor*, 706 F.3d at 602 (internal quotation marks omitted).

[9] *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

[10] *Whitehead v. Colvin*, 820 F.3d 776, 779 (5th Cir. 2016) (per curiam) (internal quotation marks omitted).

[11] *See Ripley*, 67 F.3d at 557; 20 C.F.R. § 416.913(a) (describing the categories of medical and non-medical evidence the Commissioner considers for claims filed after March 27, 2017).

regularly ingests nutritional shakes like Ensure for lunch and snacks without difficulty. Her comprehensive treatment records do not report a need for hours-long extended time for meals; nor do they flag physical limitations arising from her liquid diet. They do reflect that Vasquez gained weight after she applied for SSI in contrast to her testimony that she cannot eat enough during the day, something the ALJ noted and Vasquez acknowledged at the hearing.

On this record, we agree with the district court that the ALJ was not obliged to seek a medical opinion to assess Vasquez's RFC or to develop the record any further. The ALJ's duty in this respect must be balanced against a claimant's burden of proving disability through Step Four of the disability determination, including the RFC stage. Vasquez—who was represented by counsel before the ALJ and beyond—neither pressed for a consultative exam to assess her limitations nor offered medical testimony during her hearing. Those omissions undermine her arguments on record sufficiency now.

Even if we were to agree that the ALJ committed a *Ripley* error, reversal requires a showing of prejudice, which Vasquez has not shown.[12] She argues only that additional evidence *could have* been taken but omits *why* or *how* that evidence would have prompted a different RFC assessment. Mere speculation that a medical opinion could be additive to a record is not enough.

Turning to the second issue presented, Vasquez challenges the RFC assessment because it does not directly connect her limitations to her esophageal condition—the only medical impairment the ALJ assessed as "severe" in Step Two of the disability inquiry. But "having a severe impairment is not a sufficient condition for receiving benefits under the

---

[12] *Newton v. Apfel*, 209 F.3d 448, 458 (5th Cir. 2000); *Ripley*, 67 F.3d at 557 n.22.

[Commissioner's] regulations."[13] It merely advances the disability determination from Step Two to Step Three.

On this issue, Vasquez does not dispute that the ALJ considered the evidence she offered; she merely disagrees with how the ALJ weighed it, which is uniquely the ALJ's prerogative.[14] The ALJ considered the "combined symptoms" of all Vasquez's impairments when assessing her RFC, and, as the magistrate judge found, "there is no inconsistency between the ALJ's step two findings and her RFC determination." Substantial evidence supports the RFC assessment.

AFFIRMED.

---

[13] *Shipley v. Sec'y of Health & Hum. Servs.*, 812 F.2d 934, 935 (5th Cir. 1987).

[14] *See Masterson*, 309 F.3d at 272.