# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————————

No. 17-40362
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

November 30, 2017

Lyle W. Cayce
Clerk

ROGELIO ALEMAN GARCIA,

Plaintiff–Appellant,

versus

NANCY A. BERRYHILL,
  Acting Commissioner of Social Security,

Defendant–Appellee.

————————————————

Appeal from the United States District Court
for the Southern District of Texas

————————————————

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.
JERRY E. SMITH, Circuit Judge:

Rogelio Garcia appeals the district court's decision to deny disability ben-
efits he sought from the Social Security Administration ("SSA"). Because the
decision is supported by substantial evidence, we affirm.

No. 17-40362

I.

In January 2012, Garcia applied for disability insurance benefits under 42 U.S.C. § 423 as of January 1, 2007, based on hearing loss and post-traumatic stress disorder ("PTSD") allegedly induced by his service in Vietnam. The SSA denied his application initially and on reconsideration, so he sought a *de novo* hearing before an ALJ. After considering Garcia's work and medical history, the ALJ likewise denied the application.

The record before the ALJ revealed that since leaving the service, Garcia had earned consistent, and at times substantial, income through 2005. Between 1997 and 1999, he was a dispatcher at a produce company, where he was responsible for traffic control and oversaw the work of four other employees. In 2000, he started his own produce brokerage business and managed several employees. He has not worked since December 2005.

At some point between 2005 and 2007, Garcia sought treatment from a doctor for "dizzy spells" and was advised that he should file for disability with the Veteran's Administration ("VA"). He applied in August 2009 and was subject to a psychological evaluation by Dr. Paul Hamilton one year later as part of the VA's evaluation.[1] Hamilton found that Garcia possessed powers of comprehension, judgment, communication, and abstract thinking, all within a normal range, but that his "impaired attention" and abnormal speech patterns left "little opportunity for normal" conversation. Hamilton also concluded that Garcia would make a poor employee given the difficulty in containing anger and his "graphic visualization of killing others."

In June 2011, largely on the basis of that assessment, the Department of

---

[1] Although the ALJ could not procure a copy of Hamilton's report, it reviewed the VA's disability decision, which provided a detailed discussion of the doctor's findings.

No. 17-40362

Veterans Affairs determined that Garcia suffered from war-induced PTSD, which resulted in his "100% disability," effective August 28, 2009, the date on which his claim was filed. Garcia's medical records indicate that in the thirty years before that determination, he had not been not diagnosed with or treated for PTSD.

In March 2012, Dr. Noel Nick examined Garcia at the VA's request in connection with a separate claim for compensation for Traumatic Brain Injury ("TBI"). Nick determined that Garcia's visual/spatial test score was below normal; his memory, attention, concentration and executive functions were mildly impaired; and his judgment, motor activity, and communication skills were within a normal range. Nick also reviewed Garcia's medical history, which included Hamilton's report, a negative PTSD screen from 2004, and a positive one from March 2010. Nick concluded that Garcia's symptoms likely were not caused by his combat service.

Two months before that, in January 2012, Garcia filed for social security disability benefits, claiming eligibility as of January 2007. The agency solicited the opinions of two mental health specialists—Dr. Charles Lawrence, a state agency psychologist, and Dr. Anthony Hammond—to assess Garcia's application. After studying Garcia's medical records and performing an in-person review, Lawrence concluded there was insufficient evidence that hearing loss and PTSD had rendered Garcia disabled. Hammond reached the same conclusion on the basis of Garcia's records.

In November 2013, the ALJ held an evidentiary hearing to consider testimony from Garcia and a vocational expert, Malloy Kelley, on Garcia's alleged disability. Garcia claimed that from 2005 to 2007, he had become increasingly "forgetful" and had let his produce brokerage business "drift away." On questioning by his representative, Garcia also recalled having panic attacks,

No. 17-40362

nightmares, and hallucinations. Kelley testified next that a person with Garcia's alleged symptoms would be unable to perform any of his prior work.

The ALJ denied benefits and made the following findings: (a) Garcia had not performed substantial gainful activity since the alleged onset of the disability in January 2008; (b) he suffered from severe tinnitus, degenerative arthritis in his right knee, and right shoulder arthralgia; (c) his PTSD was not severe, because it placed no more than a "minimal limitation" on his ability to perform "basic mental work activities"; (d) none of his impairments, either individually or in combination, matched the severity of the impairments listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; (e) he had the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b);[2] (f) he was capable of performing past relevant work as an agriculture broker; and (g) he was not under a disability, as defined in the Social Security Act (the "Act"), at any time from the alleged onset date of January 1, 2007, through December 31, 2007, the date last insured.

Garcia appealed internally, and the Appeals Council declined his request to review, rendering the ALJ's adverse decision final. Garcia sought review in the district court per 42 U.S.C § 405(g). The magistrate judge ("MJ") recommended that the ALJ's determination be affirmed. The district court adopted the MJ's report and recommendation in full, and Garcia appealed.

## II.

## A.

A claimant has the burden of proving he suffers from a disability, which the Act defines as a mental or physical impairment, lasting at least a year, that

---

[2] In support of that finding, the ALJ concluded that Garcia's impairments could cause his alleged symptoms but that his claims about the "intensity, persistence and limiting effects" of said systems were "not entirely credible."

No. 17-40362

precludes him from substantial gainful activity.[3] The relevant analysis proceeds in five steps: the Commissioner considers whether (1) the claimant is currently engaged in substantial gainful activity, (2) he has a severe impairment, (3) the impairment meets the severity of an impairment enumerated in the relevant regulations, (4) it prevents the claimant from performing past relevant work, and (5) it prevents him from doing any relevant work.  20 C.F.R. § 404.1520; *Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002).  If the claimant survives the first four stages, the burden shifts to the Commissioner on the fifth step to prove the claimant's employability.  *Perez v. Barnhart,* 415 F.3d 457, 461 (5th Cir. 2005); *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000).  A finding at any step that the claimant is not disabled ends the inquiry. *Chaparro v. Bowen*, 815 F.2d 1008, 1010 (5th Cir. 1987).

Our review of the ALJ's determination is "highly deferential," *Perez,* 415 F.3d at 464:  We ask only whether substantial evidence supports the decision and whether the correct legal standards were employed.  42 U.S.C § 405(g); *Masterson*, 309 F.3d at 272.  Substantial evidence is "more than a mere scintilla and less than a preponderance." *Id.* (citations omitted).  We will not "re-weigh the evidence" nor, in the event of evidentiary conflict or uncertainty, will we "substitute our judgment for the Commissioner's, even if we believe the evidence weighs against the Commissioner's decision." *Id.*

B.

Garcia asserts three instances of error:  First, the ALJ impermissibly relied on the VA's summary of Hamilton's psychological evaluation, when it was required to obtain and directly review a copy of the evaluation itself;

---

[3] "Substantial gainful activity" is work for pay or profit requiring significant mental or physical ability.  20 C.F.R. § 404.1572(a)-(b).

second, the ALJ improperly determined that Garcia's PTSD was non-severe; and third, the ALJ failed properly to consider the VA's 100% disability rating. Garcia requests that we reverse and direct the district court to remand for the Commissioner to consider Hamilton's report directly.

The first alleged error—that the ALJ was required to obtain a copy of Hamilton's report—was at most harmless. An ALJ's failure to include certain documentation in the record is ground for reversal only if the applicant can show prejudice. *Brock v. Charter*, 84 F.3d 726, 728 (5th Cir. 1996) (requiring applicant to show that omitted material "might have altered the result"). The record describes Hamilton's findings in detail and in a light favorable to Garcia; the ALJ rejected Garcia's claim nonetheless. Because Garcia gives us no reason to believe the original report would somehow swing the evidentiary pendulum in his favor, any alleged error was harmless such that remand would be inappropriate. *See Morris v. Bowen*, 864 F.2d 333, 335 (1988).[4]

Garcia's second claim—that the ALJ improperly deemed Garcia's PTSD non-severe at step two—is equally unavailing. At bottom, Garcia argues the ALJ applied too high a threshold in its determination of severity. We disagree. The regulations define a severe impairment as "any impairment or combination of impairments which significantly limits [one's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). This court considers a "slight abnormality" to be non-severe wherever it has "such minimal effect on that individual that it would not be expected to interfere with the individual's ability to work." *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985) (citations

---

[4] It is unlikely that the ALJ erred in failing to procure the original report. The record reveals that the ALJ and other interested parties devoted considerable attention to locating the report. Though Garcia suggests they were looking in the wrong place, he provides no explanation for why he and his representative could not acquire the report themselves if they knew its location.

No. 17-40362

omitted). The ALJ cited *Stone* and rigorously considered the four broad functional areas set out in the disability regulation for evaluating the severity of mental disorders, 20 C.F.R. § 404.1520a(d)(1), before concluding that Garcia's impairments were merely mild.[5] Garcia presents no evidence to suggest the wrong standard was applied.[6]

Garcia's final claim—that the VA's 100% disability rating was substantial evidence of a severe impairment—is similarly unpersuasive. First, the VA's determination does not bind the Commissioner; it is merely "evidence . . . that must be considered." *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001). The weight assigned to such a determination will "vary depending upon the factual circumstances of each case." *Id.* The ALJ considered, but ultimately rejected, the VA's findings, in part because the VA relied heavily on a "one-time evaluation" by a doctor who "had not formed a treating relationship" with Garcia. Meanwhile, reports by two state-agency consultants cut against the VA's determination, and it was emphatically the ALJ's province to weigh the evidence and decide among these competing accounts.[7]

---

[5] The four functional areas are (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. 20 C.F.R. § 404.1520a(c)(3). The ALJ addressed each of those in detail in concluding that Garcia's impairment was nonsevere.

[6] Any error at step two would likewise be harmless, given that the ALJ concluded at step four, on the basis of substantial evidence, that Garcia retained the ability to perform his past relevant work as a produce broker. As the ALJ observed, Garcia "worked in the produce brokerage business for close to 30 years without any known impediment" and even continued to work in that field while suffering from the alleged symptoms. Additionally, the record contained no medical evidence that Garcia had seen any doctor of any kind before 2008, when his insured status expired. *See Villa v. Sullivan,* 895 F.2d 1019, 1024 (5th Cir. 1990) (allowing ALJs to rely "upon the lack of treatment as an indication of nondisability").

[7] *See Moore v. Sullivan*, 919 F.2d 901, 905 (5th Cir. 1990) (stating ALJ has responsibility to resolve conflicting medical opinions); *Chaparro*, 815 F.2d at 1011 (describing ALJ's authority to resolve credibility issues); *Newton*, 209 F.3d at 455 ("The ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion.").

No. 17-40362

The ALJ's decision not to follow the VA's determination was thus supported by substantial evidence.[8]  The judgment of dismissal is AFFIRMED.

---

[8] The timing of the VA's decision also discounts its evidentiary value. To prove entitlement to disability benefits under the Act, claimants must prove that they became disabled before the expiration of their insured status. *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir. 1992) (citing 42 U.S.C. § 423(a), (c)). Garcia's insured status expired in December 2007, while the VA's 2011 decision was made retroactively effective as of August 2009. Thus, it provides no more than indirect evidence of disability during the relevant period.