# United States Court of Appeals for the Fifth Circuit

No. 22-30262
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 28, 2022

Lyle W. Cayce
Clerk

KIMBERLY ROSS,

*Plaintiff—Appellant*,

*versus*

KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL
SECURITY,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:20-cv-629

Before CLEMENT, SOUTHWICK, and ENGELHARDT, *Circuit Judges*.
PER CURIAM:*

Kimberly Ross appeals a denial of Social Security disability benefits.
We AFFIRM.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 22-30262

## I

In June 2018, Ross applied for disability benefits, alleging that she had been disabled since August 29, 2016. She asserted that she had a tethered spinal cord, spinal bifida, diastematomyelia, disturbed sleep, cognitive impairments, pain in her back and legs, chronic fatigue, anxiety issues, incontinence, and numbness and tingling in her extremities. The Social Security Administration denied her claim a few months later.

Ross requested a hearing before an administrative law judge (ALJ), but she fared no better there. The ALJ denied Ross's claim, finding that while the medical record indicated Ross had severe back disorders, Ross could nevertheless perform the full range of *light* work, and could thus continue to perform her light or sedentary past relevant work. *See* 20 C.F.R. §§ 404.1567(b), 416.967(b). The ALJ also denied Ross's subsequent motion to reconsider. Ross asked the Appeals Council to review, but it declined to do so, making the ALJ's decision the final decision of the Commissioner.

Ross appealed to the district court. The court, after recommendation of a magistrate judge but upon full review of the record, found for the Commissioner. It explained that the Commissioner did not violate Ross's right to due process; that the ALJ properly found that Ross lacked severe lumbar, thoracic, or cervical impairments; and that the ALJ did not abuse its discretion in how it represented and relied upon the opinions of Ross's doctors, statements she made to those doctors, or her course of treatment.

She now seeks our review.

## II

But our review is limited. We look only to whether "the final decision [of the Commissioner] is supported by substantial evidence" and whether

2

"the Commissioner used the proper legal standards to evaluate the evidence." *Whitehead v. Colvin*, 820 F.3d 776, 779 (5th Cir. 2016) (per curiam) (quotations and citation omitted). We only find a Commissioner's decision unsupported by substantial evidence when "no credible evidentiary choices or medical findings support the decision." *Id.* (quotations and citation omitted). The decision must rest on "more than a scintilla [of evidence], but it need not be a preponderance." *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995) (quotations and citation omitted).

Ross argues that the ALJ erred in two ways. *First*, says Ross, the ALJ failed to consider all relevant evidence. Ross points to scientific literature she submitted, as well as certain comments made by Ross's doctors, that went undiscussed in the ALJ's ultimate opinion. But as we have noted time and again, an "ALJ is not always required to do an exhaustive point-by-point discussion" of the evidence he reviews. *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). The ALJ here explained that his findings came only "[a]fter careful consideration of the entire record . . . ." Just because the ALJ did not mention Ross's proffered literature or any specific physician commentary "does not necessarily mean that he failed to consider [them]," *Hammond v. Barnhart*, 124 F. App'x 847, 851 (5th Cir. 2005), especially where, as here, he wrote that he did. We find no error.

*Second*, Ross contends that the ALJ took other evidence out of context. She first faults the ALJ for noting that one of her doctors wrote "that [her MRI] results were interesting but did not explain her pain syndrome." Ross takes this to insinuate that the ALJ believes doctors failed to determine a cause for her pain, something she claims untrue. But the doctor did make that note, and the ALJ saying so isn't a misrepresentation. And elsewhere, the ALJ agrees with Ross's argued diagnosis, noting that "[t]he objective medical evidence supports a finding that . . . [Ross] had limitations due to her tethered spinal cord and diastematomyelia."

Next, Ross challenges the ALJ's claim that she "did not have the sort of treatment that one would expect from an individual with disabling pain." She saw eight doctors, says Ross, and underwent months of physical therapy and trials of medications. But the ALJ doesn't disagree—he acknowledges that she saw multiple doctors, underwent physical therapy, and tried medication. What Ross seems to want is for the ALJ to have weighed that evidence differently and concluded her course of treatment was more involved. But that is not for us to say—we do not reweigh the evidence. *See Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018) ("We will not re-weigh the evidence nor, in the event of evidentiary conflict or uncertainty, will we substitute our judgment for the Commissioner's, even if we believe the evidence weighs against the Commissioner's decision." (quotations and citation omitted)).

After that, Ross disputes the ALJ's assertion that surgery was not recommended, claiming she *was* recommended surgery. Missing from her argument, however, is who recommended it. She points first to the fact that Dr. Greenfield gave her the option of surgery. But an *option* is not a *recommendation*—the record does not support that Greenfield advised Ross to get surgery. Ross's second doctor, Dr. Soleau, also does not seem to have recommended surgery. He wrote that he believed "the risk of surgical treatment of this process far outweighs the benefit." Nor does her third doctor, Dr. Sigler, appear to have recommended surgery. Though he writes that Ross "has been recommended to have surgery,"—seemingly referring to a recommendation by a *different* doctor—he notes that *he* has little experience with this condition and is "skeptical [that] surgery would help significantly with [Ross's] pain." All told, that the ALJ believed this record summed to the conclusion that Ross was not recommended surgery is not error. Rather, it was supported by significant evidence and lay within the

No. 22-30262

ALJ's discretion to resolve evidentiary conflicts. *See Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990) (per curiam).

Ross next disagrees that while she sought treatment for her symptoms, she "contemporaneous[ly]" informed doctors that she valued exercise and would continue to do it as best she could. Ross argues that these statements were months before her ultimate diagnosis, and that she ultimately had to reduce the exercise she could do. Maybe so, but the ALJ was not wrong that during the period under review, Ross told her doctors that she was doing yoga, got some symptomatic relief through exercise, and would continue to walk (even if that was all she could manage). Saying so is not misrepresentation.

To sum up, the ALJ did not misrepresent the record and committed no error.

AFFIRMED.