# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 18, 2023

Lyle W. Cayce
Clerk

No. 22-60539
Summary Calendar

LINDA P. KNIGHT,

*Plaintiff—Appellant*,

*versus*

KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL
SECURITY,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:21-cv-152

Before DAVIS, SMITH, and DOUGLAS, *Circuit Judges*.

PER CURIAM:*

Plaintiff-Appellant Linda Knight, a fifty-five-year-old woman, appeals *pro se* the district court's order affirming the Social Security Commissioner's final administrative decision denying her application for disability insurance benefits. We AFFIRM.

---

* This opinion is not designated for publication. See 5TH CIR. R. 47.5.

No. 22-60539

## I.

In March 2020, Knight applied for disability insurance benefits under Title II of the Social Security Act. Knight alleged that she had been disabled since March 6, 2020, due to degenerative bone disease, hearing loss, high blood pressure, heart problems, carpal tunnel syndrome, and back problems. The Social Security Commissioner ("Commissioner") denied Knight's application initially and on reconsideration. After these initial denials, Knight requested a hearing before an Administrative Law Judge ("ALJ"). After a hearing held on March 9, 2021, the ALJ denied Knight's claim. On September 15, 2021, the Appeals Council denied review of the ALJ's decision. Knight next appealed to the district court, and consented to have the case decided before a magistrate judge. The magistrate judge affirmed the ALJ's final decision. Knight timely appealed.

## II.

"This court reviews a Commissioner's denial of social security disability benefits only to ascertain whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence."[1] "Substantial evidence" is that which is "merely enough that a reasonable mind could arrive at the same decision."[2]

The regulations establish a five-step sequential evaluation process to evaluate whether a claimant is disabled.[3] In employing this process, the ALJ considers whether the claimant: (1) is "currently engaged in substantial

---

[1] *Webster v. Kijazaki*, 19 F.4th 715, 718 (5th Cir. 2021) (internal quotation marks and citation omitted).

[2] *Id.* (internal quotation marks and citation omitted).

[3] 20 C.F.R. § 404.1520(a)(4).

gainful activity;" (2) has a "severe impairment;" (3) has an impairment that "meets the severity of an impairment enumerated in the relevant regulations;" (4) is unable to perform "past relevant work;" and (5) is unable to perform "any relevant work."[4] If a claimant gets past the first four stages, then the burden shifts to the Commissioner at the fifth step to prove the claimant's employability.[5]

## III.

In this case, the ALJ determined that Knight was not disabled during the relevant period because she could perform her past relevant work as either a court clerk or receptionist. In evaluating Knight's residual functional capacity ("RFC"), the ALJ found that she had the ability to perform light exertion work with the following caveats: "no climbing ladders, ropes, or scaffolds; occasional crawling; only frequent handling and fingering; and should perform no job when noise level would interfere with hearing normal human speech."

In the "Statement of the Issues" section of Knight's opening brief, she lists fifteen ways in which she asserts the ALJ erred at various steps in the analysis. However, of these fifteen issues, Knight only briefs seven errors. "Although we liberally construe *pro se* briefs, such litigants must still brief contentions in order to preserve them."[6] Given that Knight has failed to provide any record citations or reasons for the errors listed solely in her

---

[4] *Keel v. Saul*, 986 F.3d 551, 555 (5th Cir. 2021) (citing *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018)).

[5] *Id.*

[6] *Longoria v. Dretke*, 507 F.3d 898, 901 (5th Cir. 2007) (citing *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993)).

No. 22-60539

Statement of Issues, these arguments have not been preserved on appeal. Accordingly, we will only address the seven errors that Knight briefed.[7]

*First*, Knight argues that the ALJ erred at step two by not listing her tinnitus as a severe impairment. At step two, the ALJ found that Knight suffers from the following severe impairments: hearing loss, carpal tunnel syndrome, osteoarthritis of the knee, and obesity. Although Knight's tinnitus was not categorized as a severe impairment, the ALJ did recognize it as a component of her hearing loss, and addressed it in evaluating her RFC. Given that the ALJ considered Knight's tinnitus in his assessment of her disability, we conclude that any error at step two was harmless and "irrelevant to the disposition of [her] case."[8]

*Second,* Knight argues that the ALJ's RFC assessment did not properly consider her reported symptoms and limitations, and failed to discuss her medication's side effects. As part of the RFC assessment, the ALJ must assess a claimant's reported symptoms, but a claimant's "subjective complaints must be corroborated at least in part by objective medical testimony."[9]

---

[7] *See Haase v. Countrywide Home Loans, Inc.*, 748 F.3d 624, 629 (5th Cir. 2014) ("We will attempt to address the issues where the [appellants'] have at 'least argued *some* error on the part of the district court." (quoting *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995))).

[8] *Chaparro v. Bowen*, 815 F.2d 1008, 1011 (5th Cir. 1987) (per curiam); *see also Jones v. Bowen*, 829 F.2d 524, 526 n.1 (5th Cir. 1987) (per curiam) (rejecting plaintiff's "rather disingenuous argument that the [ALJ] applied the incorrect legal standard in determining the severity of his impairments," because even though the ALJ concluded plaintiff's symptom was not a severe impairment, "he proceeded through the sequential evaluation to conclude at the fourth and fifth levels that appellant could perform past relevant work").

[9] *Houston v. Sullivan*, 895 F.2d 1012, 1016 (5th Cir. 1989).

There is no basis for Knight's assertion that the ALJ did not adequately consider her alleged symptoms and side effects from medication. The ALJ's decision acknowledged Knight's "statements about the intensity, persistence, and limiting effects of her symptoms," but concluded that her statements were "not entirely consistent with the medical evidence." In support of this finding, the ALJ cited to the following evidence in Knight's medical records: physical examination notes, diagnostic medical images and tests, and Knight's own inconsistent reports of her symptoms and pain. It is the role of the ALJ, not this Court, to weigh conflicting evidence.[10] Although Knight disagrees with the ALJ's conclusion, she has not shown that the ALJ applied an improper legal standard or that the ALJ's decision was not supported by substantial evidence. Further, Knight does not identify any alleged side effects from her medication, or point to any evidence in the record of such side effects. We therefore conclude that the ALJ committed no reversible error.

*Third*, Knight contends that the ALJ's hypothetical questioning of the vocational expert was inadequate because the ALJ did not mention the severity of her hearing loss or tinnitus. "A hypothetical posed to a vocational expert by an ALJ need only 'reasonably incorporate' the disabilities and limitations recognized by the ALJ."[11] At the hearing, the ALJ asked the vocational expert whether a hypothetical person with certain characteristics,

---

[10] *See Garcia*, 880 F.3d at 704 (noting that "in the event of evidentiary conflict or uncertainty," we will not "substitute our judgment for the Commissioner's, even if we believe the evidence weighs against the Commissioner's decision" (citation omitted) (internal quotation marks omitted)).

[11] *Dise v. Colvin*, 630 F. App'x 322, 326 (5th Cir. 2015) (per curiam) (unpublished) (quoting *Bowling v. Shalala*, 36 F.3d 431, 435-36 (5th Cir. 1994)). Unpublished opinions issued in or after 1996 are "not controlling precedent" except in limited circumstances, but they "may be persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006).

No. 22-60539

including the inability to perform a job "with a noise level that would interfere with hearing normal human speech," could perform Knight's previous work as a court clerk or receptionist. The ALJ's hypothetical question "tracked his residual functional capacity assessment" that Knight could not perform a job where the noise level would interfere with hearing normal human speech. We therefore find that the ALJ's hypothetical question properly accounted for Knight's alleged hearing loss and tinnitus.[12]

*Fourth*, Knight asserts that the ALJ failed to adequately develop the record in violation of 20 C.F.R. § 404.1512(e) by not recontacting her physician to resolve an inconsistency in the evidence.[13] However, as correctly noted by the Commissioner, the regulation mandating that the agency recontact physicians was repealed as of March 26, 2012.[14] We therefore find no reversable error.

*Fifth*, Knight alleges that the ALJ did not comply with Social Security Ruling ("SSR") 82-62[15] by failing to analyze the specific demands of her past

---

[12] *See id.* (concluding that an ALJ's hypothetical question properly accounted for the claimant's impairments and "tracked his residual functional capacity assessment").

[13] Knight appears to be referring to a letter from Dr. Parvez Karlm in which he stated that she is "unable to perform any gainful employment." However, this letter was not timely submitted to the ALJ, and does not contain a medical opinion for purposes of the regulation. *See* 20 C.F.R. § 404.1520b(c)(3)(i) (noting that "[s]tatements that you are or are not disabled, blind, able to work, or able to perform regular or continuing work" is evidence the agency considers "neither valuable nor persuasive" and therefore "will not provide any analysis about how we considered such evidence").

[14] *How We Collect and Consider Evidence of Disability*, 70 Fed. Reg. 10,651 (Feb. 23, 2012) (codified at 20 C.F.R. pts. 404 and 416) (noting that as of March 26, 2012, the agency is "modifying the requirement to recontact your medical source(s) first when we need to resolve an inconsistency or insufficiency in the evidence he or she has provided").

[15] SSR 82-62 sets forth the facts that must be considered by an ALJ in determining that a claimant has the capacity to perform a past relevant job. SSR 82-62, 1982 WL 31386, at *4 (S.S.A. Jan. 1, 1982).

No. 22-60539

relevant work.  Under the relevant regulations, an ALJ determines the physical and mental demands of a claimant's past work based on information provided by the claimant, and may also consider information from a vocational expert.[16]  Here, the ALJ acknowledged the physical and mental demands of Knight's past work as a court clerk based on Knight's own testimony, as well as the vocational expert's testimony.  We therefore reject Knight's assertion that the ALJ failed to comply with SSR 82-62.

*Sixth*, Knight contends the ALJ's decision included a "significant . . . misstatement" of the record by stating that Knight testified she experienced reduced functioning of her *left* hand.  Both parties agree that the ALJ misstated Knight's testimony that she experienced reduced functioning in both hands, but especially in her *right* hand.  Because Knight does not explain how the ALJ's statement of left instead of right produced a different outcome in her case, she has failed to overcome the harmless error rule.[17]

*Seventh*, Knight finally asserts that the ALJ and Appeals Council erred by not considering her submissions of additional evidence.  Under 20 C.F.R. § 404.935(a), if a claimant wishes to have written evidence considered at the hearing, the claimant must submit or inform the ALJ about the evidence at least five business days before the hearing.  If a claimant misses this deadline, the ALJ "may decline to consider or obtain the evidence," unless the evidence is submitted before a hearing decision is issued, and one of the following circumstances is applicable: (1) the agency mislead the claimant,

---

[16] *See* 20 C.F.R. § 404.1560(b)(2) ("We will ask you for information about work you have done in the past . . . . We may use the services of vocational experts or vocational specialists . . . [who] may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work.").

[17] *See Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (noting that "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination.").

(2) the claimant had physical, mental, educational, or linguistic limitations that precluded earlier submission, or (3) some unusual, unexpected, or unavoidable circumstance prevented the claimant from timely submitting the evidence.[18]    The Appeals Council is permitted to consider additional evidence that is "new, material, and relates to the period on or before the date of the hearing decision."[19]

At her hearing, Knight and her representative informed the ALJ that some of her medical records were still pending, and the ALJ held open the record for an additional twenty days to obtain those records. Knight's outstanding records were submitted and incorporated into the record on March 29, 2021. On April 27, 2021, Knight submitted additional records, but they were not considered in the ALJ's decision that was issued the next day. Knight now asserts that the ALJ erred by not considering her records submitted on April 27. We disagree. As noted by the district court, Knight's April 27 submission provided no explanation for her failure to submit these records in a timely manner.  "[T]he settled law of our Circuit [is] that new evidence is not the requisite good cause for . . . a remand unless a proper explanation is given of why it was not submitted earlier."[20] We thus find no error in the ALJ's failure to consider Knight's additional evidence.

Knight subsequently sought review of the ALJ's determination by the Appeals Council, and submitted the following additional evidence: Progress notes, two letters from physicians, a "Physical Medical Source Statement," and a prescription for a cane. The Appeals Council did not consider this

---

[18] 20 C.F.R. § 404.935(a)-(b).

[19] 20 C.F.R. § 404.970(a).

[20] *Geyen v. Sec'y of Health & Hum. Servs.*, 850 F.2d 263, 264 (5th Cir. 1988) (per curiam) (citing *Chaney v. Schweiker*, 659 F.2d 676 (5th Cir. 1981)).

No. 22-60539

evidence because it concluded the Progress notes were already in the record, the letters and medical source statement did not show a reasonable probability of changing the outcome of the decision, and the prescription did not relate to the relevant time period.  We agree.  Accordingly, because Knight has failed to show how the above evidence would have a reasonable probability of changing the outcome of her case, we find no basis for reversal.[21]

For the foregoing reasons, we AFFIRM.

---

[21] *See Jones v. Astrue*, 691 F.3d 730, 734-35 (5th Cir. 2012) (noting that a "mere allegation that additional beneficial evidence might have been gathered" is insufficient to meet a claimant's burden of establishing "that any error was harmful").