# United States Court of Appeals for the Fifth Circuit

---

No. 22-51045
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

May 30, 2023

Lyle W. Cayce
Clerk

Lydia Elida Silva,

*Plaintiff—Appellant*,

*versus*

Kilolo Kijakazi, *Acting Commissioner of Social Security*,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:21-CV-287

---

Before Clement, Southwick, and Engelhardt, *Circuit Judges*.
Per Curiam:[*]

Lydia Silva appeals a denial of Social Security disability benefits. We AFFIRM.

## I

Five years ago, Lydia Silva applied for disability benefits. Silva allegedly suffers from depression, obesity, spinal impairments, and more.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-51045

The Social Security Administration, however, denied her claim. So, Silva requested a hearing before an administrative law judge (ALJ). But, the ALJ denied Silva's claim, too, finding that—although she offered medical evidence of severe ailments—she didn't have a qualifying disability. The district court, upon recommendation of a magistrate judge, affirmed. Now, on appeal, Silva raises two arguments. First, she maintains that the ALJ failed to properly review the medical opinion of Dr. Thomas Pfeil. Second, Silva argues that the ALJ failed to fully consider whether her ailments met any of the impairments under Listing 1.04 of 20 C.F.R. § 404, Subpt. P, App. 1.

## II

When reviewing a "final decision [of the Commissioner]," we ask whether it's "supported by substantial evidence" and if "the Commissioner used the proper legal standards to evaluate the evidence." *Whitehead v. Colvin*, 820 F.3d 776, 779 (5th Cir. 2016) (per curiam) (quotations and citation omitted). A decision is unsupported by substantial evidence when "no credible evidentiary choices or medical findings support the decision." *Id.* (quotations and citation omitted). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa v. Sullivan*, 895 F.2d 1019, 1021–22 (5th Cir. 1990) (quotations and citation omitted). We are, at the end of the day, "exceedingly deferential" on review. *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012) (per curiam).

Both of Silva's arguments fail on appeal. First, she contends that the ALJ failed to fully consider the medical testimony of Dr. Thomas Pfeil. Silva doesn't deny that the ALJ reviewed Dr. Pfeil's opinions, or that she found some "portions [of it] not persuasive." Instead, she argues that the ALJ didn't properly "articulate *how*" the doctor's opinions weren't supported by the record. But, the ALJ clearly explained the shortcomings of Dr. Pfeil's

testimony. Specifically, the ALJ noted that although "some of the [doctor's] opinion appear[] supported and consistent" with the record, other parts weren't due to the lack of a "documented need for [an] assistive device" and plain evidence that Silva "had work activity in late 2018." Because those facts directly contradicted some of Dr. Pfeil's determinations, the ALJ turned to other evidence in the record, including two different medical opinions.

As we've noted time and again, an "ALJ is not always required to do an exhaustive point-by-point discussion" of the evidence she reviews. *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007). And, even if the ALJ didn't address every aspect of Dr. Pfeil's opinions, that "does not necessarily mean that [s]he failed to consider [them]." *Hammond v. Barnhart*, 124 F. App'x 847, 851 (5th Cir. 2005). Here, the ALJ explained that her findings came only "[a]fter careful consideration of all the evidence . . . ." Because the ALJ clearly grappled with Dr. Pfeil's opinions, we won't second guess her decision on the matter. *See Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018) ("We will not re-weigh the evidence . . . [or] substitute our judgment for the Commissioner's . . . .") (quotations and citation omitted)).

Second, Silva contends that the ALJ failed to properly evaluate whether her ailments met any of the listed impairments under Listing 1.04 of 20 C.F.R. § 404, Subpt. P, App. 1. The ALJ plainly found that Silva's impairments didn't "meet[] or medically equal[] . . . one of the listed impairments" under Listing 1.04. Silva doesn't deny that. Instead, she argues that the ALJ didn't "include any meaningful discussion" of how Listing 1.04 wasn't met and that the ALJ only focused on the "inability to ambulate" part of the listing.

Both arguments, however, fail. The ALJ found—in an opinion detailing the medical evidence in the record—that Silva didn't prove up an

"inability to ambulate effectively" *or* offer any "evidence of atrophy or other serious weakness[] as described in listing 1.04." Consequently, the ALJ's decision was clearly based on a full reading of both Listing 1.04 and the evidence in the record. At the end of the day, Silva was required to prove up any impairment under Listing 1.04. *See Audler*, 501 F.3d at 449 ("To demonstrate the required loss of function for a musculoskeletal impairment [under Listing 1.04], [the petitioner] must demonstrate either an 'inability to ambulate effectively on a sustained basis . . . , or the inability to perform fine and gross movements effectively on a sustained basis.'"); *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990) (per curiam) ("The claimant must provide medical findings that support each of the criteria for the equivalent impairment determination."). She failed to do so. We AFFIRM.