# United States Court of Appeals for the Fifth Circuit

---

No. 24-11068
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
June 17, 2025

Lyle W. Cayce
Clerk

Billy Lee Brown,

*Plaintiff—Appellant*,

*versus*

Commissioner, *Social Security Administration*,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:23-CV-84

---

Before Davis, Smith, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Billy Lee Brown appeals the district court's judgment upholding the Commissioner's denial of benefits from the Social Security Administration (SSA). The administrative law judge (ALJ) determined that Brown can still perform his past work and, thus, is not

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-11068

disabled. Because the ALJ's decision is supported by substantial evidence, we AFFIRM.

## I.

In April 2020, Brown applied for a period of disability, disability insurance benefits, and supplemental security income, alleging he became disabled earlier that month. His applications were denied initially and upon reconsideration. Brown then requested a hearing before an ALJ, which was conducted in September 2022. The ALJ issued a decision on February 8, 2023, finding Brown not disabled under the Social Security Act. The ALJ determined that Brown retained the residual functional capacity to perform the full range of light work and could therefore return to either of his two prior light-level jobs: a fast-food worker (DOT 311.472-010) and production assembler (DOT 706.687-010). The Appeals Council denied Brown's request to review the ALJ's decision, making it the final decision of the Commissioner.[1]

Brown timely sought judicial review of the agency's decision. A magistrate judge recommended affirming the ALJ's decision. Over Brown's objections, the district court adopted the report and recommendation, and upheld the agency's denial of benefits. Brown filed a Rule 59(e) motion, which the district court denied. This appeal followed.

## II.

Our review of the agency's determination is "highly deferential."[2] We ask only whether it "is supported by substantial evidence on the record

---

[1] *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000).

[2] *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018) (quoting *Perez v. Barnhart*, 415 F.3d 457, 464 (5th Cir. 2005)).

as a whole"[3] and whether the proper legal standards were applied.[4] Substantial evidence is "more than a mere scintilla"—"the threshold for such evidentiary sufficiency is not high."[5] "We will not 're-weigh the evidence' nor, in the event of evidentiary conflict or uncertainty, will we 'substitute our judgment for the Commissioner's, even if we believe the evidence weighs against the Commissioner's decision.'"[6]

A disability determination under the Social Security Act requires a five-step inquiry.[7] "If at any step a finding of disability or nondisability can be made, the SSA will not review the claim further."[8] Here, the ALJ stopped at step four—"whether the claimant can still do his 'past relevant work.'"[9] Past relevant work includes that which was performed (1) at the level of "substantial gainful activity"; (2) within the past 15 years; and (3) long enough for the claimant to learn to do it.[10]

Substantial gainful activity is work "done for pay or profit" that involves "significant physical or mental activities."[11] While earnings alone

---

[3] *Allentown Mack Sales & Serv., Inc. v. NLRB*, 522 U.S. 359, 366 (1998).

[4] *Webster v. Kijakazi*, 19 F.4th 715, 718 (5th Cir. 2021); *see also* 42 U.S.C. § 405(g).

[5] *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

[6] *Garcia*, 880 F.3d at 704 (quoting *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002)).

[7] 20 C.F.R. § 404.1520(a)(4) (2023) (five-step sequential process for disability insurance benefits); *id.* § 416.920(a)(4) (parallel regulation for supplemental security income).

[8] *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

[9] *Webster*, 19 F.4th at 718.

[10] 20 C.F.R. §§ 404.1560(b)(1) (2023) (amended 2024), 416.960(b)(1) (2023) (amended 2024).

[11] *Id.* §§ 404.1572, 416.972.

may be a presumptive sign of substantial gainful activity,[12] the agency still "considers all of the medical and vocational evidence" in a claimant's file when making this determination.[13]

Brown contends that the ALJ erred by considering as past relevant work his job as a fast-food worker.[14] He asserts that his earnings were too low to qualify as substantial gainful activity. But Brown's theory of error rests on the mistaken assumption that the ALJ was presented an indisputable earnings record for this job. After a careful look, we cannot say that was the case. The record shows that Brown's experience consists of employment at Pizza Hut, where he earned $3,124.73 in 2017, $5,342.30 in 2018, and $89.44 in 2019. Based on these *annual* figures, Brown posits that his average *monthly* earnings fell below the presumptive guidelines for substantial gainful activity in each respective year. The problem here for Brown is that annual earnings are averaged over the period he *actually* worked at Pizza Hut.[15]

Take 2017 for example. That year, the agency's earnings guidelines set the presumptive floor for substantial gainful activity at $1,170.00 per month.[16] If Brown worked at Pizza Hut for two months, he would've

---

[12] *Copeland v. Colvin*, 771 F.3d 920, 927 (5th Cir. 2014) (holding "a rebuttable presumption against substantial gainful activity arises where [parties agree that] a disability claimant's earnings are below the threshold set by the regulations").

[13] 20 C.F.R. §§ 404.1571, 416.971 (2023).

[14] He also argues that his work as a production assembler was performed outside the 15-year look-back window and, as such, was improperly considered by the ALJ. We need not address this argument because Brown's experience as a fast-food worker is dispositive. *See id*. §§ 404.1560(c), 416.960(c) (directing agency to proceed to the fifth step of the disability inquiry if it is determined that the claimant is incapable of performing "*any* of [his] past relevant work" (emphasis added)).

[15] *Id*. §§ 404.1574a(b), 416.974a(b).

[16] SSA, Program Operation Manual Sys. (POMS) § DI-10501.015(B).

averaged $1,562.37 per month (above the guidelines); but if he worked there for three, he would've averaged $1,041.58 (below the guidelines). Because Brown bore the burden of proof at this stage of the disability inquiry, and offered no evidence as to which side of the floor he fell, we need not engage in this averaging debate.[17] Therefore, the ALJ did not err in denying Brown the benefit of the low-earnings presumption.

Nor was the ALJ's decision lacking a substantial evidentiary basis. The SSA regulations instruct claimants: "Even if the work you have done was not substantial gainful activity, it may show that you are able to do more work than you actually did."[18] To that end, the ALJ was entitled to consider other evidence in Brown's file.[19] The ALJ's decision explicitly states that a "careful consideration of the entire record" was made. It also noted that Brown: "has had other jobs" while his applications were pending, including at a restaurant and convenience store; reported, "I've been working a lot," to his medical provider in March 2022; and "was recently released from prison and is on parole." Against this backdrop, the "existing administrative record . . . contains 'sufficien[t] evidence'" that "a reasonable mind might accept as adequate to support [the ALJ's] conclusion": Brown's fast-food work was substantial gainful activity that he can still perform despite his limitations.[20] The disability inquiry ends with this conclusion.

AFFIRMED.

---

[17] 20 C.F.R. §§ 404.1512, 416.912 (2023).

[18] *Id.* §§ 404.1571, 416.971.

[19] *Id.*

[20] *Biestek*, 587 U.S. at 102–03 (first alteration in original) (quoting *Consol. Edison Co.*, 305 U.S. at 229).